IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, et al., | ) |
| Plaintiffs, | ) CASE NO. A-17-CV-690-LY |
| v. | ) |
| KEN PAXTON, et al., | ) |
| Defendants. | ) |

# REPLY IN FURTHER SUPPORT OF PLAINTIFF JANE DOE, M.D.'S MOTION FOR A PROTECTIVE ORDER

Defendant Ken Paxton's opposition to Plaintiff Jane Doe, M.D.'s motion for a protective order, placing her identity under seal and permitting her to proceed in this litigation using a pseudonym, is both meritless and alarming. Despite Defendant's contention that Dr. Doe's request is "unusual," it is undisputed that abortion is a controversial topic, that abortion providers in Texas and elsewhere have been subjected to harassment, intimidation, and violence, and for this reason, courts have routinely entered protective orders to safeguard the identities of abortion providers who fear that involvement in litigation will endanger their and their families' safety and well-being. *See* Pl. Jane Doe, M.D.'s Mot. for a Protective Order & Mem. of L. in Supp. (ECF No. 12) ("Pl.'s Mot.") at 2, 4-5; Def. Ken Paxton's Opp. to Pl. Jane Doe, M.D.'s Mot. for a Protective Order & Mem. of L. in Supp. (ECF No. 32) ("Def.'s Opp.") at 5, 7.[1] Because Jane Doe M.D. has clearly articulated her reasons for fearing public disclosure of her identity, the Court should grant her motion for a protective order.

---

[1] Defendant's assertion that courts allowing plaintiffs to proceed via pseudonym have "[m]ost commonly" done so where the plaintiffs are women seeking abortion, simply ignores all the cases cited by Plaintiffs where courts have issued protective orders to allow abortion providers to proceed under pseudonym. *See* Def.'s Opp. at 7; Pl.'s Mot. at 4-5.

Primarily, Defendant articulates a legal standard for granting a protective order that is unmoored from controlling Fifth Circuit law. As discussed in Plaintiff's motion for a protective order, *Doe v. Stegall* instructs a court to balance considerations calling for maintenance of a party's privacy against the benefits of judicial openness. Pl.'s Mot. at 3. Under this test, *Stegall* emphasizes that "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name. These crucial interests served by open trials are not inevitably compromised by allowing a party to proceed anonymously." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citation omitted).

Defendant has not, because he cannot, articulate how he will be in any way prejudiced in this litigation by allowing Dr. Doe to proceed via pseudonym.[2] Even if the Court enters the proposed protective order, it specifically provides that Plaintiffs will disclose Dr. Doe's identity to Defendant and file her identity with the Court under seal. Regardless of whether Dr. Doe is proffered as an expert witness as well as a fact witness, Defendant can disclose her identity to other parties involved in litigation as needed, so long as they abide by the protective order. Accordingly, the state cannot argue that it would be "prejudiced in its defense" on those grounds. *See* Def.'s Opp. at 8. And, while Dr. Doe has established good cause for protecting her identity, Defendant has not shown why publicly disclosing the name of one physician, among multiple plaintiffs, in a case involving a constitutional challenge to restrictions on abortion, undermines

---

[2] Defendant's reference to "practical concerns" with allowing Dr. Doe to proceed via pseudonym is particularly puzzling, because the "logistical hurdles," if any, associated with granting a protective order in this case, are not relevant to the court's balancing under *Stegall*. *See* Def.'s Opp. at 8. Further, there are no such hurdles, as courts routinely allow witnesses proceeding under pseudonym to testify in the courtroom behind a simple screen. *See, e.g.*, *June Med. Servs. v. Kliebert*, No. 14-cv-525-JWD-RLB, __ F. Supp. 3d ___, 2017 WL 1505596, at *21 & n.34 (M.D. La. Apr. 26, 2017) ("allowing Does 1-3 to testify from behind a screen . . . so as to protect the identity of the witness from the public but allow[ing] the Court to see and judge the demeanor of the witnesses"), *appeal docketed*, No. 17-30397 (5th Cir. May 12, 2017); *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1330, 1334 (M.D. Ala. 2014) ("[T]he doctors were referred to by pseudonym throughout the case and would testify in open court only from behind a black curtain.").

the "public's view of the issues" or the "assurance of fairness," such that these considerations outweigh Dr. Doe and her family's safety and privacy concerns. *See Stegall*, 653 F.2d at 185.

Similarly, the "particularized" showing Defendant demands of Dr. Doe appears nowhere in the case law. *Doe v. Stegall* establishes a flexible balancing test and specifically declines to advance a "hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186. Here, Dr. Doe has stated that there are regularly protestors outside of the clinic where she works, and she knows of many abortion providers in Texas and around the United States that have been victims of harassment, intimidation, and violence after speaking out publicly about their work. Decl. of Jane Doe, M.D. (ECF No. 12-1) ¶¶ 2-3. Accordingly, she fears that public disclosure of her identity will result in harassment, intimidation, and violence towards herself and her family, as well as retaliation by the hospitals and agencies with which she interacts in practicing her profession. *Id.* ¶¶ 4-6. Such a showing is more than sufficient under *Stegall*.

Defendant's contention that Dr. Doe must first become a victim and have personally "received any threats," or be "in any danger," Def.'s Opp. at 5, before she can be entitled to a protective order in this case, relies on plainly circular logic. Dr. Doe fears that public exposure in this case will result in anti-abortion activists targeting her specifically. She should not be forced to wait for such harassment or violence to occur before she can seek this Court's protection. It will then be too late. Defendant's argument otherwise is brazenly callous. Defendant's additional contention that Dr. Doe's fears of professional retaliation are only "self-serving and not supported by any facts" is entirely disconnected from the reality of the hostile environment in which Texas abortion providers work. *See* Def.'s Opp. at 6. Moreover, Defendant's repeated characterization of Dr. Doe's concern for her own and her family's safety as "self-serving," is

inherently inconsistent with Defendant's argument that Dr. Doe must make a more particularized showing of her fears. *See id.* at 1, 6, 8. Defendant cannot have it both ways.

Finally, the fact that the three other individual plaintiffs made a different calculation of the risk to themselves and their families regarding disclosure of their names in this lawsuit does not undermine Dr. Doe's showing based on her very real personal fears. If anything, this fact weakens Defendant's claim that disclosure of Dr. Doe's identity is necessary for judicial openness in this case. For Dr. Doe, public disclosure of her profession is information that is of the "utmost intimacy." *Stegall*, 653 F.2d at 185. While this may not be the case for all abortion providers, as some, like Plaintiff Curtis Boyd, M.D., choose to speak publicly about their work regardless of the risks to their personal safety,[3] it is each individual doctor's choice to do so. As Dr. Doe's declaration and motion make clear, the fact that she is an abortion provider is, for her, "a matter of a sensitive and highly personal nature." *See Doe v. El Paso Cty. Hosp. Dist.*, No. EP-13-CV-00406_DCG, 2015 WL 1507840, at *4 (W.D. Tex. Apr. 1, 2015) ("Cases involving issues such as abortion have been deemed to involve information sufficiently sensitive and private to warrant anonymity.").

Dr. Doe has clearly established adequate grounds for the protective order she seeks in this case. Defendant has neither undermined this showing nor established that the openness of the judicial process will suffer should the motion be granted. For these reasons, Dr. Doe respectfully requests that her motion for protective order be granted.[4]

---

[3] *See, e.g.*, Joey Peters, *A Moral Choice: As Pressure Mounts, Faith Sustains Veteran New Mexico Doctor Who Provides Rare Third-Trimester Abortions*, Santa Fe Reporter (July 19, 2017 12:00AM), http://www.sfreporter.com/santafe/article-13677-a-moral-choice.html (discussing Dr. Boyd's friendship with Dr. George Tiller, an abortion provider who was murdered at his church in 2009, and Dr. Boyd's decision to "carry on this work that George was doing" after his death).

[4] Plaintiffs also note that Defendant has served Plaintiffs with interrogatories that, among other things, seek the identity of every physician who is or has provided abortions at Plaintiffs' facilities since 2011, including physicians

Dated: August 3, 2017

 /s/ Patrick J. O'Connell
Patrick J. O'Connell
Texas Bar No. 15179900
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
(512) 852-5918
pat@pjofca.com

*Attorney for all Plaintiffs*

Janet Crepps*
Molly Duane*
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519 (Janet Crepps)
(917) 637-3631 (Molly Duane)
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

*Attorneys for Plaintiffs Whole Woman's Health, Alamo City Surgery Center, Southwestern Women's Surgery Center, Nova Health Systems, Curtis Boyd, M.D., Jane Doe, M.D., Bhavik Kumar, M.D., and Alan Braid, M.D.*

---

that do not perform dilation and evacuation ("D & E") procedures, the procedures banned by the law challenged in this case. *See* Ex. A to Joint Report Regarding Case Management Plan and Scheduling Order (ECF No. 34-1).

Melissa Cohen*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

*Attorney for Plaintiffs Planned Parenthood Center
For Choice, Planned Parenthood of Greater Texas
Surgical Health Services, and Planned Parenthood
South Texas Surgical Center*

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of August 2017, I electronically filed a copy of the above document with the Clerk of the Court using the CM/ECF system.

                                        */s/ Patrick J. O'Connell*
                                        Patrick J. O'Connell