**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAUSE NO. 1:17-CV-00690-LY |
| | § | |
| KEN PAXTON, et al., | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT ATTORNEY GENERAL KEN PAXTON'S ANSWER**

---

Defendant Ken Paxton, Attorney General of Texas, files this Answer to Plaintiffs' Complaint (the "Complaint").

1.      Defendant admits that Plaintiffs purport to bring this action under 42 U.S.C. § 1983 on behalf of themselves, their staff, physicians, and patients, and that Plaintiffs challenge certain provisions of Texas Senate Bill 8, enacted during the 2017 legislative session ("S.B. 8"). Defendant further admits that S.B. 8 is scheduled to take effect on September 1, 2017. Defendant denies each remaining allegation contained in paragraph 1 of the Complaint.

2.      Defendant denies each allegation contained in paragraph 2 of the Complaint.

3.      Defendant admits that Plaintiffs seek declaratory and injunctive relief. Defendant denies that Plaintiffs are entitled to any relief and denies each remaining allegation contained in paragraph 3 of the Complaint.

1

4.      The allegations contained in paragraph 4 of the Complaint contain legal conclusions that require no response. To the extent any response is required, Defendant denies each allegation contained in paragraph 4 of the Complaint. Defendant specifically denies that the Court has jurisdiction over this matter to the extent any or all Plaintiffs lack standing.

5.      The allegations contained in paragraph 5 of the Complaint contain legal conclusions that require no response. To the extent any response is required, Defendant denies each allegation contained in paragraph 5 of the Complaint. Defendant specifically denies that the Court has jurisdiction over this matter to the extent any or all Plaintiffs lack standing.

6.      The allegations contained in paragraph 6 of the Complaint contain legal conclusions that require no response. To the extent any response is required, Defendant admits that Attorney General Paxton performs some official duties within this district and denies each remaining allegation contained in paragraph 6 of the Complaint.

7.      Defendant admits that Plaintiff Whole Woman's Health operates licensed abortion facilities in Austin, Fort Worth, McAllen, and San Antonio. Defendant further admits that Whole Woman's Health performs abortions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff Planned Parenthood Center for Choice ("PPCFC") operates a licensed ambulatory surgical center in Houston. Defendant

further admits that PPCFC performs abortions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint.

9.      Defendant admits that Plaintiff Planned Parenthood of Greater Texas Surgical Health Services ("PPGT") operates licensed ambulatory surgical centers in Austin, Dallas, and Fort Worth, and a licensed abortion facility in Waco. Defendant further admits that PPGT performs abortions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 of the Complaint.

10.      Defendant admits that Plaintiff Planned Parenthood South Texas Surgical Center ("PPST") operates a licensed ambulatory surgical center in San Antonio. Defendant further admits that PPST performs abortions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint.

11.      Defendant admits that Plaintiff Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services ("Alamo") is a licensed ambulatory surgical center in San Antonio. Defendant further admits that Alamo performs abortions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 of the Complaint.

12.      Defendant admits that Plaintiff Southwestern Women's Surgery Center ("Southwestern") operates a licensed ambulatory surgical center in Dallas. Defendant further admits that Southwestern performs abortions. Defendant lacks knowledge or

3

information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff Nova Health Systems, Inc. d/b/a Reproductive Services ("Reproductive Services") operates a licensed abortion facility in El Paso. Defendant further admits that Reproductive Services performs abortions. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint.

14. Defendant admits that Curtis Boyd, M.D., is a family practice physician licensed to practice in the State of Texas. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits that Bhavik Kumar, M.D., M.P.H., is a family medicine physician licensed to practice in the State of Texas. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant admits that Alan Braid, M.D. is an obstetrician/gynecologist licensed to practice in the State of Texas. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant admits that Ken Paxton is the Attorney General of Texas

4

and may assist county and district attorneys in the prosecution of criminal offenses, including violations of S.B. 8. Defendant further admits that Attorney General Paxton has been sued in his official capacity and has been served with process.

19.    Defendant admits that Margaret Moore is the District Attorney for Travis County and that she is responsible for prosecuting criminal violations in Travis County. Defendant denies that S.B. 8 creates a "D & E ban." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 19 of the Complaint.

20.    Defendant admits that Nicholas LaHood is the District Attorney for Bexar County and that he is responsible for prosecuting criminal violations in Bexar County. Defendant denies that S.B. 8 creates a "D & E ban." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 20 of the Complaint.

21.    Defendant admits that Faith Johnson is the District Attorney for Dallas County and that she is responsible for prosecuting criminal violations in Dallas County. Defendant further admits that Faith Johnson has been sued in her official capacity and has been served with process. Defendant denies that S.B. 8 creates a "D & E ban."

22.    Defendant admits that Jaime Esparza is the District Attorney for El Paso County and that he is responsible for prosecuting criminal violations in El Paso County. Defendant denies that S.B. 8 creates a "D & E ban." Defendant lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendant admits that Kim Ogg is the District Attorney for Harris County and that she is responsible for prosecuting criminal violations in Harris County. Defendant denies that S.B. 8 creates a "D & E ban." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendant admits that Ricardo Rodriguez, Jr. is the District Attorney for Hidalgo County and that he is responsible for prosecuting criminal violations in Hidalgo County. Defendant denies that S.B. 8 creates a "D & E ban." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendant admits that Abelino Reyna is the District Attorney for McLennan County and that he is responsible for prosecuting criminal violations in McLennan County. Defendant further admits that Abelino Reyna has been sued in his official capacity and has been served with process. Defendant denies that S.B. 8 creates a "D & E ban."

26.     Defendant admits that Sharen Wilson is the District Attorney for Tarrant County and that she is responsible for prosecuting criminal violations in Tarrant County. Defendant further admits that Sharen Wilson has been sued in her

6

official capacity and has been served with process. Defendant denies that S.B. 8 creates a "D & E ban."

27.   Defendant denies each allegation contained in paragraph 27 of the Complaint.

28.   Defendant admits that abortion generally entails risks to women. Defendant denies each remaining allegation contained in paragraph 28 of the Complaint.

29.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint.

30.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint.

31.   Defendant denies each allegation contained in paragraph 31 of the Complaint.

32.   Defendant denies each allegation contained in paragraph 32 of the Complaint.

33.   Defendant admits that the Texas Health & Safety Code requires that an abortion of a fetus age 16 weeks or more may be performed only at an ambulatory surgical center or hospital licensed to perform the abortion. Defendant further admits that Chapter 171 of the Texas Health & Safety Code prohibits an abortion where the probable post-fertilization age of the unborn child is 20 or more weeks subject to certain exceptions outlined in the Code.

34. Defendant denies that Plaintiffs' characterizations of duly enacted Texas law are accurate. Defendant further denies that Plaintiffs' characterizations of the holdings of the Supreme Court and District Court are accurate. To the extent a further response may be required, Defendant denies each allegation contained in paragraph 34 of the Complaint.

35. Defendant admits that the Texas legislature introduced pieces of abortion-related legislation during the 2017 regular session but denies Plaintiffs' characterization of this legislation. Defendant admits that the challenged provisions originated as S.B. 415 and were ultimately enacted in S.B. 8. Defendant denies each remaining allegation contained in paragraph 35 of the Complaint.

36. Defendant admits that S.B. 8 criminalizes the dismemberment of living, unborn children. Defendant denies each remaining allegation contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint is a statement of law to which no response is required. To the extent a response may be required, Defendant admits that paragraph 37 quotes a portion of S.B. 8.

38. Paragraph 38 of the Complaint is a statement of law to which no response is required. To the extent a response may be required, Defendant admits that paragraph 38 quotes a portion of the Texas Health and Safety Code. Defendant denies that Plaintiffs' characterizations of S.B. 8 are accurate and further denies each remaining allegation contained in paragraph 38 of the Complaint.

39.    Paragraph 39 of the Complaint is a statement of law to which no response is required. To the extent a response may be required, Defendant denies that Plaintiffs' characterization of S.B. 8 is accurate.

40.    Defendant admits that S.B. 8 prohibits physicians from performing partial-birth abortions in Texas and that Plaintiffs do not challenge that prohibition. Defendant denies each remaining allegation contained in paragraph 40 of the Complaint.

41.    Defendant denies each allegation contained in paragraph 41 of the Complaint.

42.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of the Complaint.

43.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint.

44.    Defendant denies each allegation contained in paragraph 44 of the Complaint.

45.    Defendant denies that D & E is safely performed as an outpatient procedure throughout the second trimester of pregnancy.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 45 of the Complaint.

46.    Defendant denies each allegation contained in paragraph 46 of the Complaint.

47.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47 of the Complaint regarding the specific prohibitions of "[m]any Texas hospitals." Defendant denies each remaining allegation contained in paragraph 47 of the Complaint.

48.    Defendant admits that S.B. 8 does not apply in instances where fetal demise is caused by means other than the dismemberment of the living unborn child through the use of clamps, grasping forceps, tongs, scissors of similar instruments that through the convergence of two rigid levers, slices, crushes, or grasps, or performs any combination of those actions on, a piece of the unborn child's body to cut or rip the piece from the body. Defendant denies each remaining allegation contained in paragraph 48 of the Complaint.

49.    Defendant denies each allegation contained in paragraph 49 of the Complaint.

50.    Defendant admits that physicians in Texas, including Plaintiffs, use a hypodermic needle to inject a drug called digoxin to cause fetal demise. Defendant denies each remaining allegation contained in paragraph 50 of the Complaint.

51.    Defendant denies each allegation contained in paragraph 51 of the Complaint.

52.    Defendant admits that physicians in Texas use digoxin. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 52 of the Complaint regarding the personal motivations of

10

individual physicians. Defendant denies each remaining allegation contained in paragraph 52 of the Complaint.

53.    Defendant denies each allegation contained in paragraph 53 of the Complaint.

54.    Defendant denies each allegation contained in paragraph 54 of the Complaint.

55.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Complaint.

56.    Defendant admits that KCl injections effectively cause fetal demise. Defendant denies each remaining allegation contained in paragraph 56 of the Complaint.

57.    Paragraph 57 of the Complaint contains statements of law regarding Plaintiffs' interpretation of Tex. Health & Safety Code § 171.063, to which no response is required. To the extent a response may be required, Defendant denies that Plaintiffs' characterizations of the law are accurate. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 57 of the Complaint.

58.    Defendant denies each allegation contained in paragraph 58 of the Complaint.

59.    Defendant denies each allegation contained in paragraph 59 of the Complaint.

60.    Defendant denies each allegation contained in paragraph 60 of the Complaint.

61.    Defendant denies each allegation contained in paragraph 61 of the Complaint.

62.    Defendant denies each allegation contained in paragraph 62 of the Complaint.

63.    Defendant denies each allegation contained in paragraph 63 of the Complaint.

64.    Paragraph 64 of the Complaint contains a statement incorporating Plaintiffs' allegations contained in paragraphs 1 through 63 of the Complaint. Defendant incorporates the responses to paragraphs 1 through 63 herein.

65.    Defendant denies each allegation contained in paragraph 65 of the Complaint.

66.    Paragraph 66 of the Complaint contains a statement incorporating Plaintiffs' allegations contained in paragraphs 1 through 65 of the Complaint. Defendant incorporates the responses to paragraphs 1 through 65 herein.

67.    Defendant denies each allegation contained in paragraph 67 of the Complaint.

68.    Defendant denies each allegation contained in paragraph 68 of the Complaint.

69.    Defendant denies that Plaintiffs are entitled to any relief.

## DEFENSES

70.     Plaintiffs' claims are barred, in whole or in part, to the extent each Plaintiff lacks standing.

71.     Plaintiffs are not entitled to injunctive relief because of Plaintiffs' delay in seeking such relief.

72.     All allegations in the Complaint that have not been specifically admitted are hereby denied.

## PRAYER FOR RELIEF

Defendant respectfully requests this Court to enter judgment for Defendant and against Plaintiffs, to dismiss Plaintiffs' claims with prejudice, to award Defendant his costs, and to grant Defendant such other relief to which he is entitled.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Texas Bar No.  24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

13

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

14

## CERTIFICATE OF SERVICE

I certify that on August 11, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org


/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General


15