IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 AUG 15 AM 8:24
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| WHOLE WOMAN'S HEALTH, PLANNED PARENTHOOD CENTER FOR CHOICE, PLANNED PARENTHOOD OF GREATER TEXAS SURGICAL HEALTH SERVICES, PLANNED PARENTHOOD SOUTH TEXAS SURGICAL CENTER, ALAMO CITY SURGERY CENTER PLLC, D/B/A ALAMO WOMEN'S REPRODUCTIVE SERVICES, SOUTHWESTERN WOMEN'S SURGERY CENTER, NOVA HEALTH SYSTEMS, INC. D/B/A REPRODUCTIVE SERVICES, EACH ON BEHALF OF ITSELF, ITS STAFF, PHYSICIANS, AND PATIENTS, CURTIS BOYD, M.D., JANE DOE, M.D., M.A.S., BHAVIK KUMAR, M.D., M.P.H., ALAN BRAID, M.D., EACH ON THEIR OWN BEHALF AND ON THEIR PATIENTS' BEHALF,<br>　　　　　　　　PLAINTIFFS,<br><br>V.<br><br>KEN PAXTON, ATTORNEY GENERAL OF TEXAS, IN HIS OFFICIAL CAPACITY, AND MARGARET MOORE, DISTRICT ATTORNEY FOR TRAVIS COUNTY, NICHOLAS LAHOOD, CRIMINAL DISTRICT ATTORNEY FOR BEXAR COUNTY, JAIME ESPARZA, DISTRICT ATTORNEY FOR EL PASO COUNTY, FAITH JOHNSON, DISTRICT ATTORNEY FOR DALLAS COUNTY, SHAREN WILSON, CRIMINAL DISTRICT ATTORNEY TARRANT COUNTY, RICARDO RODRIGUEZ, JR., CRIMINAL DISTRICT ATTORNEY FOR HIDALGO COUNTY, ABELINO REYNA, CRIMINAL DISTRICT | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ CAUSE NO. A-17-CV-690-LY |

| | § |
|---|---|
| ATTORNEY FOR MCLENNAN COUNTY, AND KIM OGG, CRIMINAL DISTRICT ATTORNEY FOR HARRIS COUNTY, EACH IN THEIR OFFICIAL CAPACITY, | § § § § § |
| DEFENDANTS. | § |
| | § |

## ORDER DENYING PLAINTIFF JANE DOE, M.D.'S MOTION FOR PROTECTIVE ORDER

Before the court is the above styled and numbered cause challenging the constitutionality of recently enacted Texas abortion laws. *See* 42 U.S.C. § 1983. The laws at issue are included in Texas Senate Bill 8, Section 6, which creates a new Subchapter G in the Texas Health and Safety Code. *See* Act of May 26, 2017, 85th Leg., R.S., ch. 441, § 6, 2017 Tex. Sess. Law Serv. _____ (West) (to be codified at Tex. Health & Safety Code Ch. 171, Subchapter G, §§ 171.151-.154) (the "act"). In summary, Plaintiffs allege that the act bans and criminalizes the performance of the most common second-trimester abortion procedure–the standard dilation-and-evacuation procedure ("standard D&E procedure"). The act goes into effect September 1, 2017. *Id.* at ch. 441, § 22.

Pending is Plaintiff Jane Doe, M.D.'s Motion for a Protective Order and Memorandum of Law in Support filed July 20, 2017 (Clerk's Document No. 12), Defendant Ken Paxton's Opposition to Plaintiff Jane Doe, M.D.'s Motion for a Protective Order and Memorandum of Law in Support filed July 28, 2017 (Clerk's Document No. 32), and Doe's Reply in Further Support of Plaintiff Jane Doe, M.D.'s Motion for a Protective Order filed August 3, 2017 (Clerk's Document No. 35). Although Doe has no objection to disclosing her identity to the court, Defendants, and their counsel, Doe requests that the court allow her identity to be maintained under seal and permit Doe to

anonymously litigate her claims using a pseudonym. Having considered the motion, response, reply, case file, and the applicable law, the court will deny the motion.

To commence a lawsuit, plaintiffs must disclose their names in the pleading initiating court action. *See* Fed. R. Civ. P. 10(a). This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). There remains a clear-and-strong First Amendment interest in ensuring that "[w]hat transpires in the courtroom is public property." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). There is no Fifth Circuit rigid test for courts to apply when deciding whether to allow a party to proceed in a lawsuit anonymously. *Id.* at 186. Rather, courts balance the privacy concerns of the individual seeking leave to proceed anonymously with the presumption of openness of judicial proceedings. *Id.* ("The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings.") It is the exceptional case in which a plaintiff may proceed anonymously.

Doe is a board-certified family medicine physician, with additional specialty training in family planning, and is licensed to practice in Texas. She is the medical director of Southwestern Women's Surgical Center ("Southwestern"), a licensed ambulatory surgical center in Dallas, Texas. Doe's supporting declaration provides, "There are regularly protestors outside of Southwestern." Additionally, Doe declares that she knows of many other abortion providers around the United States and in Texas who have been victims of harassment, intimidation, and violence after speaking out publicly in favor of abortion rights. Doe is "concerned that, if I become identified as a public advocate for abortion rights through this litigation, I along with those who are close to me, will be

3

subjected to harassment, intimidation, or violence." Doe also expresses that she is concerned that disclosure of her real name could result in retaliation by the hospitals and agencies with which she must interact to practice her profession.

The court reviews the circumstances in this action and balances Doe's interest in maintaining her privacy with the presumption of openness in judicial proceedings. *Id.* Weighing in favor of Doe is the fact that she challenges governmental action regarding abortion procedures, which most acknowledge is a controversial issue and many consider a private issue. However, other than protestors appearing at Southwestern, Doe's declaration makes no mention of any harassment, intimidation, or violence, or threats of any such actions, against her, anyone close to her, or anyone affiliated with Southwestern. In this action, three of the four physician-plaintiffs who provide abortion services to their patients are proceeding using their true names. Although Doe argues that this circumstance should tip the balance in favor of allowing her to proceed anonymously, the court disagrees. One of the true-named plaintiffs, Curtis Boyd, is a family-practice physician licensed to practice in Texas who performs the standard D&E procedure that would be banned upon the act taking effect. What the court finds compelling is that Boyd has an ownership interest in Southwestern, the same facility for which Doe is the medical director.

Considering all of the circumstances in this action, particularly that Boyd, an owner of Southwestern, is proceeding as a true-named physician-plaintiff, and balancing the need for Doe to maintain her privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings, the court concludes that the presumption of judicial openness outweighs the need to protect Doe's privacy should Doe choose to proceed as a plaintiff in this action. Doe may

elect not to continue as a plaintiff. The other named plaintiffs appear to the court adequate to proceed forward with the complaint.

**IT IS ORDERED** that Plaintiff Jane Doe, M.D.'s Motion for a Protective Order filed July 20, 2017 (Clerk's Document No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs may file an amended complaint, dropping Plaintiff Doe or including her by name, on or before August 21, 2017.

SIGNED this 14th day of August, 2017.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE