# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.1:17-cv-00690-LY |
| | § | |
| KEN PAXTON, Attorney General of | § | |
| Texas, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT KEN PAXTON'S FIRST SET OF JOINT INTERROGATORIES**

TO:    Plaintiffs Whole Woman's Health, Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Southwestern Women's Surgery Center, and Nova Health Systems, Inc. d/b/a Reproductive Services, each on behalf of itself, its staff, physicians and patients, and Curtis Boyd, M.D., Jane Doe, M.D., Bhavik Kumar, M.S., and Alan Braid, M.D., each on behalf of himself and his patients, by and through their attorneys of record, Patrick J. O'Connell, 2525 Wallingwood, Bldg 14, Austin, Texas 78746, (512) 852-5918, pat@pjofca.com.

Pursuant to Federal Rule of Civil Procedure 33, Defendant Ken Paxton, Attorney General of Texas, hereby serves his First Set of Joint Interrogatories. You are hereby requested to answer each and every interrogatory contained herein. You are hereby notified that your Answers to these Interrogatories must be made and signed by you, separately and fully in writing, while under oath. You are hereby further requested to serve your Answers to these Interrogatories on counsel for Defendant **within 5 days after service** of same.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Plaintiff," "Plaintiffs," "you," and "your" refer to each and every Plaintiff in the above-captioned matter, jointly and severally, collectively and individually, including Whole Woman's Health, Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, Planned Parenthood South Texas Surgical Center, Alamo City Surgery Center PLLC d/b/a Alamo Women's Reproductive Services, Southwestern Women's Surgery Center, and Nova Health Systems, Inc. d/b/a Reproductive Services, including their employees, officers, agents, and successors, and Curtis Boyd, M.D., Jane Doe, M.D., Bhavik Kumar, M.S., and Alan Braid, M.D., and their employees and agents.

2.      "Defendant" refers to Ken Paxton, Attorney General of Texas, in his official capacity, as well as his employees, agents, and successors.

3.      The terms "Dilation and evacuation," "D&E Procedure," and "D&E" refer to that method of performing an abortion, at any Post-fertilization Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

4.      The terms "Dilation and Curettage," "D&C Procedure," and "D&C" refer to that method of performing an abortion, at any Post-fertilization age, where suction

is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

5. The term "LMP" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

6. The term "Post-fertilization Age" refers to that method of determining the age of an unborn child that counts from the approximated date of fertilization, which is generally two weeks less than the LMP age of the fetus.

7. "Identify," with respect to an individual, physician, or business, means provide the individual's, physcian's, or business's name; business address; and business phone number.

8. "Identify," with respect to a procedure, means provide the date of the procedure; the patient's first and last initials; the name of the treating physician(s); the Post-fertilization Age (as herein defined); and the name of the facility, clinic, office, ambulatory surgical center, or other location where the procedure took place.

9. The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Interrogatory all responses that might otherwise be construed outside of its scope.

10. The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all responses that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa,

as necessary to bring within the scope of each Interrogatory all responses that might otherwise be construed outside of its scope.

11.     If you object to production of material or information as privileged, you are instructed, pursuant to Rule 26(b)(5), to: (1) state that information or material responsive to the request has been withheld from production; (2) identify the request to which the information or material relates; (3) describe the nature of the documents, communications, or tangible things not produced or disclosed; and (4) state the objection or privilege asserted.

12.     These Interrogatories are continuing, which will require reasonable supplementation of your answers if you, your attorney, or any other person acting on your behalf obtains further information between the time of your initial answers and the time of trial.  You should remember that these Interrogatories and your sworn answers may be used in evidence upon trial of this cause.

13.     Your response to each Interrogatory should state whether you have withheld any information on the basis of any objection or asserted privilege.

14.     These requests seek only information within any Plaintiff's personal knowledge, possession, custody, or control.

15.     The relevant time period for these Interrogatories is January 1, 2011 through the time of trial, unless otherwise stated.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each individual who performs or has performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

**ANSWER:**

### INTERROGATORY NO. 2:

For each individual identified in response to Interrogatory No. 1, state the total number of abortions that individual performed at each week of Post-fertilization Age during each year since 2011.

**ANSWER:**

### INTERROGATORY NO. 3:

Identify each D&C procedure performed at your facility(ies) or by one of the individuals listed in Interrogatory No. 1 since 2011. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

### INTERROGATORY NO. 4:

Identify each D&E procedure performed at your facility(ies) or by one of the individuals listed in Interrogatory No. 1 since 2011. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify each procedure, since 2011, in which digoxin was administered or used to attempt to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify each procedure, since 2011, in which digoxin was administered or used to attempt to cause fetal demise and such administration or use of digoxin failed to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify each procedure, since 2011, in which potassium chloride was administered or used to attempt to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 8:**

Identify each procedure, since 2011, in which potassium chloride was administered or used to attempt to cause fetal demise and such administration or use of potassium chloride failed to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify each procedure, since 2011, in which umbilical cord transection was used to attempt to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify each procedure, since 2011, in which umbilical cord transection was used to attempt to cause fetal demise and such umbilical cord transection failed to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 11:**

Identify each "physician[] in Texas" who has used "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify each D&E procedure in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 13:**

Identify each physician in Texas who "feel[s] that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify all complications that you allege can arise from the administration or use of digoxin to attempt to cause fetal death.

**ANSWER:**

**INTERROGATORY NO. 15:**

Identify every procedure in which a complication has arisen from the administration or use of digoxin to attempt to cause fetal demise. In your answer, include the nature of the complication(s) experienced and a description of the care administered to treat each complication. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify each procedure in which digoxin "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 17:**

Identify each procedure in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify each D&E procedure in which a patient was contraindicated for the use or administration of digoxin for the purpose of attempting to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**INTERROGATORY NO. 19:**

Identify each physician in Texas who "do[es] not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

**ANSWER:**

**INTERROGATORY NO. 20:**

Identify each and every abortion-inducing drug, as defined in Texas Health & Safety Code § 171.061(2), that you have ever given, sold, dispensed, administered, provided, or prescribed in a manner that is not authorized by the "final printed label" approved by the United States Food and Drug Administration, as defined in Texas

Health & Safety Code § 171.061(3).

**ANSWER:**

**INTERROGATORY NO. 21:**

Identify all individuals or business from whom you have purchased digoxin since 2011. In your answer, list the date of the purchase and quantity of digoxin purchased.

**ANSWER:**

**INTERROGATORY NO. 22:**

State the total amount of money that you have spent purchasing digoxin during each year since 2011.

**ANSWER:**

**INTERROGATORY NO. 23:**

Identify each individual with knowledge of the abortion procedures used at your facilities, clinics, offices, ambulatory surgical centers, or other locations, who was not otherwise identified in response to Interrogatory No. 1.

**ANSWER:**

Dated: August 1, 2017

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Darren McCarty
DARREN MCCARTY
Texas Bar No. 24007631
Special Counsel for Civil Litigation
Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)
darren.mccarty@oag.texas.gov

*Attorneys for Defendant Ken Paxton*

## CERTIFICATE OF SERVICE

I certify that on August 1, 2017, this document was served through the Court's

CM/ECF and via e-mail upon the following counsel of record:

Patrick J. O'Connell
Texas Bar No. 15179900
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
(512) 852-5918
pat@pjofca.com

*Attorney for all Plaintiffs*

Janet Crepps*
Molly Duane*
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519 (Janet Crepps)
(917) 637-3631 (Molly Duane)
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

*Attorneys for Plaintiffs Whole Woman's Health,
Alamo City Surgery Center, Southwestern Women's
Surgery Center, Nova Health Systems, Curtis Boyd,
M.D., Jane Doe, M.D., Bhavik Kumar, M.D., and
Alan Braid, M.D.*

Melissa Cohen*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

*Attorney for Plaintiffs Planned Parenthood Center
For Choice, Planned Parenthood of Greater Texas
Surgical Health Services, and Planned Parenthood
South Texas Surgical Center*

*Admitted *pro hac vice*

/s/ Darren McCarty
DARREN MCCARTY
Special Counsel for Civil Litigation