# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAUSE NO. 1:17-CV-00690-LY |
| | § | |
| KEN PAXTON, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF
PLAINTIFF ALAMO CITY SURGERY CENTER**

TO:    Whole Woman's Health; Alamo City Surgery Center PLLC; Southwestern Women's Surgery Center; Nova Health Systems, Inc.; Curtis Boyd, M.D.; Jane Doe, M.D.; Bhavik Kumar, M.D.; and Alan Braid, M.D., by and through their attorneys of record, Patrick J. O'Connell, LAW OFFICES OF PATRICK J. O'CONNELL PLLC, 2525 Wallingwood Dr., Bldg. 14, Austin, Texas 78746; AND Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, and Planned Parenthood South Texas Surgical Center, by and through their attorneys of record Melissa Cohen, Planned Parenthood Federation of America, 123 William Street, New York, New York 10038.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Ken Paxton, Attorney General of Texas through his undersigned counsel, hereby provide notice that he will take the deposition upon oral examination of the person(s) designated by Plaintiff Alamo City Surgery Center PLLC with respect to the topics set forth below.

The deposition will take place at **10:00 a.m.** on **August 23, 2017**, at 300 W. 15th Street, 11th floor, Austin, Texas 78701 or at a location to be agreed upon by the parties. The deposition will be taken before a court reporter who is authorized by law

to administer oaths. The deposition will be recorded by stenographic/audio means and also videotaped. The deposition will continue until complete.

Plaintiff Alamo City Surgery Center PLLC shall designate one or more representatives who have personal knowledge of the topics set forth below and who are prepared to testify fully regarding each of those topics. Defendant Ken Paxton may seek relief from the court in the event the designated deponent(s) are not properly prepared to testify on behalf of Alamo City Surgery Center PLLC with respect to each of the identified topics.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, each representative who may be designated by Plaintiff Alamo City Surgery Center PLLC in response to this Notice shall produce at or before the scheduled deposition the documents identified in **Exhibit A** attached to this Notice.

**DEFINITIONS**

1.      The term "D&E" refers to that method of performing an abortion, at any LMP Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

2.      The term "D&C" refers to that method of performing an abortion, at any LMP Age, where suction is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

3.      The term "LMP Age" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

4.      The "identity" of an individual means the name, address, and phone number of the individual.

5.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

**TOPICS**

**1.    Abortion Procedures**

- Individuals who perform or have performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

- The total number of abortions performed at each week of LMP Age during each year since 2011, including D&Cs, D&Es, and/or all other methods.

- The type, make, model, features, and uses for imaging equipment, instruments, and/or devices utilized during a surgical abortion.

- The off-label use of medications at your facilities, clinics, offices, or ambulatory surgical centers during each year since 2011.

**2.    Fetal Demise Methods/Procedures**

- Numbers of procedures since 2011 in which digoxin, potassium chloride ("KCl"), or umbilical cord transection was administered or used to attempt to cause fetal demise.

- Numbers of procedures since 2011 in which digoxin, KCl, or umbilical cord transection was used, but failed to cause fetal demise.

- Procedures since 2011 in which any other method of causing fetal demise was utilized or attempted prior to the removal of fetal tissue.

- The number of individuals employed in your facilities qualified to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

- The type and extent of training or other education required to allow a doctor to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

**3.    Abortion and Fetal Demise Complications**

- Complications that you allege can arise from the administration or use of digoxin, KCl, or umbilical cord transection to attempt to cause fetal demise.

- Procedures in which one or more complications has arisen from the

4

administration or use of digoxin, KCl, or umbilical cord transection.

- D&E procedures in which a patient was contraindicated for the use or administration of digoxin, KCl, or umbilical cord transection for the purpose of attempting to cause fetal demise.

- Complications that can arise from the D&E procedure.

**4.    Policies, Processes, and Procedures**

- Policies, processes, or procedures concerning:

  - informed consent for the D&E procedure;
  - informed consent from patients for the use of digoxin, KCl, umbilical cord transection, or any other methods of causing fetal demise prior to a D&E; and
  - the use of intent statements by physicians prior to performing a second trimester abortion.

**5.    Training Materials, Policies, and Educational Materials**

- Training materials, polices, or educational materials concerning:

  - the use of digoxin, KCl, cord transection, or any other methods of causing fetal demise prior to a D&E;
  - compliance with the Partial-Birth Abortion Ban Act of 2003;
  - intraamniotic injections, intrafetal injections, or other pregnancy related injections; and
  - transabdominal injections, transcervical injections, or transvaginal injections, whether or not related to pregnancy.

**6.    Clinic Operations and Record-keeping**

- Pricing information for a surgical abortion, including any discounts, incentives, reduced rates, or financial assistance offered to D&E patients or potential patients.

- The procurement of digoxin and KCl by you since 2011, including suppliers and amount spent.

- Record-keeping policies and procedures related to abortions, including state reporting requirements, the nature of information recorded about each procedure, the methods by which abortion-related information is recorded

5

and how such is stored, and the individuals responsible for making and maintaining such records.

**7.    Specific Allegations Contained in Complaint**

- "[P]hysicians" who use "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

- D&E procedures in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

- Physicians who "feel that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

- Procedures in which digoxin or KCl "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

- Procedures in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

- Physicians who "do not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Executive Administration
Texas Bar No.  24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

7

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

## CERTIFICATE OF SERVICE

I certify that on August 16, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667
christopher.hilton@oag.texas.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

9

## EXHIBIT A

## DEFINITIONS

1.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Plaintiff through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

2.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

3.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.  The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

## DOCUMENTS TO BE PRODUCED

Produce the following documents:

1.      All non-privileged files, records, summaries, notes, correspondence, letters, e-mails, and any other documents that a deponent relied upon or referred to in preparation for the deponent's deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CAUSE NO. 1:17-CV-00690-LY |
| v. | § | |
| | § | |
| KEN PAXTON, et al., | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF
PLAINTIFF NOVA HEALTH SYSTEMS**

TO:    Whole Woman's Health; Alamo City Surgery Center PLLC; Southwestern Women's Surgery Center; Nova Health Systems, Inc.; Curtis Boyd, M.D.; Jane Doe, M.D.; Bhavik Kumar, M.D.; and Alan Braid, M.D., by and through their attorneys of record, Patrick J. O'Connell, LAW OFFICES OF PATRICK J. O'CONNELL PLLC, 2525 Wallingwood Dr., Bldg. 14, Austin, Texas 78746; AND Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, and Planned Parenthood South Texas Surgical Center, by and through their attorneys of record Melissa Cohen, Planned Parenthood Federation of America, 123 William Street, New York, New York 10038.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Ken Paxton, Attorney General of Texas through his undersigned counsel, hereby provide notice that he will take the deposition upon oral examination of the person(s) designated by Plaintiff Nova Health Systems with respect to the topics set forth below.

The deposition will take place at **10:00 a.m.** on **August 24, 2017**, at 300 W. 15th Street, 11th floor, Austin, Texas 78701 or at a location to be agreed upon by the parties. The deposition will be taken before a court reporter who is authorized by law

to administer oaths. The deposition will be recorded by stenographic/audio means and also videotaped. The deposition will continue until complete.

Plaintiff Nova Health Systems shall designate one or more representatives who have personal knowledge of the topics set forth below and who are prepared to testify fully regarding each of those topics. Defendant Ken Paxton may seek relief from the court in the event the designated deponent(s) are not properly prepared to testify on behalf of Nova Health Systems with respect to each of the identified topics.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, each representative who may be designated by Nova Health Systems in response to this Notice shall produce at or before the scheduled deposition the documents identified in **Exhibit A** attached to this Notice.

2

## DEFINITIONS

1.      The term "D&E" refers to that method of performing an abortion, at any LMP Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

2.      The term "D&C" refers to that method of performing an abortion, at any LMP Age, where suction is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

3.      The term "LMP Age" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

4.      The "identity" of an individual means the name, address, and phone number of the individual.

5.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

**TOPICS**

1.    **Abortion Procedures**

- Individuals who perform or have performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

- The total number of abortions performed at each week of LMP Age during each year since 2011, including D&Cs, D&Es, and/or all other methods.

- The type, make, model, features, and uses for imaging equipment, instruments, and/or devices utilized during a surgical abortion.

- The off-label use of medications at your facilities, clinics, offices, or ambulatory surgical centers during each year since 2011.

2.    **Fetal Demise Methods/Procedures**

- Numbers of procedures since 2011 in which digoxin, potassium chloride ("KCl"), or umbilical cord transection was administered or used to attempt to cause fetal demise.

- Numbers of procedures since 2011 in which digoxin, KCl, or umbilical cord transection was used, but failed to cause fetal demise.

- Procedures since 2011 in which any other method of causing fetal demise was utilized or attempted prior to the removal of fetal tissue.

- The number of individuals employed in your facilities qualified to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

- The type and extent of training or other education required to allow a doctor to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

3.    **Abortion and Fetal Demise Complications**

- Complications that you allege can arise from the administration or use of digoxin, KCl, or umbilical cord transection to attempt to cause fetal demise.

- Procedures in which one or more complications has arisen from the

4

administration or use of digoxin, KCl, or umbilical cord transection.

- D&E procedures in which a patient was contraindicated for the use or administration of digoxin, KCl, or umbilical cord transection for the purpose of attempting to cause fetal demise.

- Complications that can arise from the D&E procedure.

**4.   Policies, Processes, and Procedures**

- Policies, processes, or procedures concerning:

  - informed consent for the D&E procedure;
  - informed consent from patients for the use of digoxin, KCl, umbilical cord transection, or any other methods of causing fetal demise prior to a D&E; and
  - the use of intent statements by physicians prior to performing a second trimester abortion.

**5.   Training Materials, Policies, and Educational Materials**

- Training materials, polices, or educational materials concerning:

  - the use of digoxin, KCl, cord transection, or any other methods of causing fetal demise prior to a D&E;
  - compliance with the Partial-Birth Abortion Ban Act of 2003;
  - intraamniotic injections, intrafetal injections, or other pregnancy related injections; and
  - transabdominal injections, transcervical injections, or transvaginal injections, whether or not related to pregnancy.

**6.   Clinic Operations and Record-keeping**

- Pricing information for a surgical abortion, including any discounts, incentives, reduced rates, or financial assistance offered to D&E patients or potential patients.

- The procurement of digoxin and KCl by you since 2011, including suppliers and amount spent.

- Record-keeping policies and procedures related to abortions, including state reporting requirements, the nature of information recorded about each procedure, the methods by which abortion-related information is recorded

and how such is stored, and the individuals responsible for making and maintaining such records.

**7.    Specific Allegations Contained in Complaint**

- "[P]hysicians" who use "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

- D&E procedures in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

- Physicians who "feel that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

- Procedures in which digoxin or KCl "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

- Procedures in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

- Physicians who "do not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Executive Administration
Texas Bar No.  24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

7

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

8

## CERTIFICATE OF SERVICE

I certify that on August 16, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667
christopher.hilton@oag.texas.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

9

## EXHIBIT A

## DEFINITIONS

1.     "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Plaintiff through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

2.     The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

3.     The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.  The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

## DOCUMENTS TO BE PRODUCED

Produce the following documents:

1.      All non-privileged files, records, summaries, notes, correspondence, letters, e-mails, and any other documents that a deponent relied upon or referred to in preparation for the deponent's deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CAUSE NO. 1:17-CV-00690-LY |
| v. | § | |
| | § | |
| KEN PAXTON, et al., | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF
PLAINTIFF PLANNED PARENTHOOD CENTER FOR CHOICE**

TO:    Whole Woman's Health; Alamo City Surgery Center PLLC; Southwestern Women's Surgery Center; Nova Health Systems, Inc.; Curtis Boyd, M.D.; Jane Doe, M.D.; Bhavik Kumar, M.D.; and Alan Braid, M.D., by and through their attorneys of record, Patrick J. O'Connell, LAW OFFICES OF PATRICK J. O'CONNELL PLLC, 2525 Wallingwood Dr., Bldg. 14, Austin, Texas 78746; AND Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, and Planned Parenthood South Texas Surgical Center, by and through their attorneys of record Melissa Cohen, Planned Parenthood Federation of America, 123 William Street, New York, New York 10038.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Ken Paxton, Attorney General of Texas through his undersigned counsel, hereby provide notice that he will take the deposition upon oral examination of the person(s) designated by Plaintiff Planned Parenthood Center for Choice with respect to the topics set forth below.

The deposition will take place at **10:00 a.m.** on **August 29, 2017**, at 300 W. 15th Street, 11th floor, Austin, Texas 78701 or at a location to be agreed upon by the parties. The deposition will be taken before a court reporter who is authorized by law

to administer oaths. The deposition will be recorded by stenographic/audio means and also videotaped. The deposition will continue until complete.

Plaintiff Planned Parenthood Center for Choice shall designate one or more representatives who have personal knowledge of the topics set forth below and who are prepared to testify fully regarding each of those topics. Defendant Ken Paxton may seek relief from the court in the event the designated deponent(s) are not properly prepared to testify on behalf of Planned Parenthood Center for Choice with respect to each of the identified topics.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, each representative who may be designated by Planned Parenthood Center for Choice in response to this Notice shall produce at or before the scheduled deposition the documents identified in **Exhibit A** attached to this Notice.

## DEFINITIONS

1.     The term "D&E" refers to that method of performing an abortion, at any LMP Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

2.     The term "D&C" refers to that method of performing an abortion, at any LMP Age, where suction is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

3.     The term "LMP Age" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

4.     The "identity" of an individual means the name, address, and phone number of the individual.

5.     The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

6.     The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

3

**TOPICS**

1.    **Abortion Procedures**

- Individuals who perform or have performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

- The total number of abortions performed at each week of LMP Age during each year since 2011, including D&Cs, D&Es, and/or all other methods.

- The type, make, model, features, and uses for imaging equipment, instruments, and/or devices utilized during a surgical abortion.

- The off-label use of medications at your facilities, clinics, offices, or ambulatory surgical centers during each year since 2011.

2.    **Fetal Demise Methods/Procedures**

- Numbers of procedures since 2011 in which digoxin, potassium chloride ("KCl"), or umbilical cord transection was administered or used to attempt to cause fetal demise.

- Numbers of procedures since 2011 in which digoxin, KCl, or umbilical cord transection was used, but failed to cause fetal demise.

- Procedures since 2011 in which any other method of causing fetal demise was utilized or attempted prior to the removal of fetal tissue.

- The number of individuals employed in your facilities qualified to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

- The type and extent of training or other education required to allow a doctor to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

3.    **Abortion and Fetal Demise Complications**

- Complications that you allege can arise from the administration or use of digoxin, KCl, or umbilical cord transection to attempt to cause fetal demise.

- Procedures in which one or more complications has arisen from the

4

administration or use of digoxin, KCl, or umbilical cord transection.

- D&E procedures in which a patient was contraindicated for the use or administration of digoxin, KCl, or umbilical cord transection for the purpose of attempting to cause fetal demise.

- Complications that can arise from the D&E procedure.

## 4.    Policies, Processes, and Procedures

- Policies, processes, or procedures concerning:

  - informed consent for the D&E procedure;
  - informed consent from patients for the use of digoxin, KCl, umbilical cord transection, or any other methods of causing fetal demise prior to a D&E; and
  - the use of intent statements by physicians prior to performing a second trimester abortion.

## 5.    Training Materials, Policies, and Educational Materials

- Training materials, polices, or educational materials concerning:

  - the use of digoxin, KCl, cord transection, or any other methods of causing fetal demise prior to a D&E;
  - compliance with the Partial-Birth Abortion Ban Act of 2003;
  - intraamniotic injections, intrafetal injections, or other pregnancy related injections; and
  - transabdominal injections, transcervical injections, or transvaginal injections, whether or not related to pregnancy.

## 6.    Clinic Operations and Record-keeping

- Pricing information for a surgical abortion, including any discounts, incentives, reduced rates, or financial assistance offered to D&E patients or potential patients.

- The procurement of digoxin and KCl by you since 2011, including suppliers and amount spent.

- Record-keeping policies and procedures related to abortions, including state reporting requirements, the nature of information recorded about each procedure, the methods by which abortion-related information is recorded

and how such is stored, and the individuals responsible for making and maintaining such records.

## 7.    Specific Allegations Contained in Complaint

- "[P]hysicians" who use "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

- D&E procedures in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

- Physicians who "feel that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

- Procedures in which digoxin or KCl "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

- Procedures in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

- Physicians who "do not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Executive Administration
Texas Bar No.  24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

7

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

8

## CERTIFICATE OF SERVICE

I certify that on August 16, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667
christopher.hilton@oag.texas.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

9

## EXHIBIT A

## DEFINITIONS

1.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Plaintiff through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

2.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

3.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.  The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

## DOCUMENTS TO BE PRODUCED

Produce the following documents:

1.    All non-privileged files, records, summaries, notes, correspondence, letters, e-mails, and any other documents that a deponent relied upon or referred to in preparation for the deponent's deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CAUSE NO. 1:17-CV-00690-LY |
| | § | |
| KEN PAXTON, et al., | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF
PLAINTIFF PLANNED PARENTHOOD OF GREATER
TEXAS SURGICAL HEALTH SERVICES**

TO:    Whole Woman's Health; Alamo City Surgery Center PLLC; Southwestern Women's Surgery Center; Nova Health Systems, Inc.; Curtis Boyd, M.D.; Jane Doe, M.D.; Bhavik Kumar, M.D.; and Alan Braid, M.D., by and through their attorneys of record, Patrick J. O'Connell, LAW OFFICES OF PATRICK J. O'CONNELL PLLC, 2525 Wallingwood Dr., Bldg. 14, Austin, Texas 78746; AND Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, and Planned Parenthood South Texas Surgical Center, by and through their attorneys of record Melissa Cohen, Planned Parenthood Federation of America, 123 William Street, New York, New York 10038.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Ken Paxton, Attorney General of Texas through his undersigned counsel, hereby provide notice that he will take the deposition upon oral examination of the person(s) designated by Plaintiff Planned Parenthood of Greater Texas Surgical Health Services with respect to the topics set forth below.

The deposition will take place at **10:00 a.m.** on **August 28, 2017**, at 300 W. 15th Street, 11th floor, Austin, Texas 78701 or at a location to be agreed upon by the

parties. The deposition will be taken before a court reporter who is authorized by law to administer oaths. The deposition will be recorded by stenographic/audio means and also videotaped. The deposition will continue until complete.

Plaintiff Planned Parenthood of Greater Texas Surgical Health Services shall designate one or more representatives who have personal knowledge of the topics set forth below and who are prepared to testify fully regarding each of those topics. Defendant Ken Paxton may seek relief from the court in the event the designated deponent(s) are not properly prepared to testify on behalf of Planned Parenthood of Greater Texas Surgical Health Services with respect to each of the identified topics.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, each representative who may be designated by Planned Parenthood of Greater Texas Surgical Health Services in response to this Notice shall produce at or before the scheduled deposition the documents identified in **Exhibit A** attached to this Notice.

2

**DEFINITIONS**

1. The term "D&E" refers to that method of performing an abortion, at any LMP Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

2. The term "D&C" refers to that method of performing an abortion, at any LMP Age, where suction is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

3. The term "LMP Age" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

4. The "identity" of an individual means the name, address, and phone number of the individual.

5. The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

6. The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

3

**TOPICS**

1.    **Abortion Procedures**

- Individuals who perform or have performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

- The total number of abortions performed at each week of LMP Age during each year since 2011, including D&Cs, D&Es, and/or all other methods.

- The type, make, model, features, and uses for imaging equipment, instruments, and/or devices utilized during a surgical abortion.

- The off-label use of medications at your facilities, clinics, offices, or ambulatory surgical centers during each year since 2011.

2.    **Fetal Demise Methods/Procedures**

- Numbers of procedures since 2011 in which digoxin, potassium chloride ("KCl"), or umbilical cord transection was administered or used to attempt to cause fetal demise.

- Numbers of procedures since 2011 in which digoxin, KCl, or umbilical cord transection was used, but failed to cause fetal demise.

- Procedures since 2011 in which any other method of causing fetal demise was utilized or attempted prior to the removal of fetal tissue.

- The number of individuals employed in your facilities qualified to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

- The type and extent of training or other education required to allow a doctor to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

3.    **Abortion and Fetal Demise Complications**

- Complications that you allege can arise from the administration or use of digoxin, KCl, or umbilical cord transection to attempt to cause fetal demise.

- Procedures in which one or more complications has arisen from the

4

administration or use of digoxin, KCl, or umbilical cord transection.

- D&E procedures in which a patient was contraindicated for the use or administration of digoxin, KCl, or umbilical cord transection for the purpose of attempting to cause fetal demise.

- Complications that can arise from the D&E procedure.

**4.    Policies, Processes, and Procedures**

- Policies, processes, or procedures concerning:

    - informed consent for the D&E procedure;
    - informed consent from patients for the use of digoxin, KCl, umbilical cord transection, or any other methods of causing fetal demise prior to a D&E; and
    - the use of intent statements by physicians prior to performing a second trimester abortion.

**5.    Training Materials, Policies, and Educational Materials**

- Training materials, polices, or educational materials concerning:

    - the use of digoxin, KCl, cord transection, or any other methods of causing fetal demise prior to a D&E;
    - compliance with the Partial-Birth Abortion Ban Act of 2003;
    - intraamniotic injections, intrafetal injections, or other pregnancy related injections; and
    - transabdominal injections, transcervical injections, or transvaginal injections, whether or not related to pregnancy.

**6.    Clinic Operations and Record-keeping**

- Pricing information for a surgical abortion, including any discounts, incentives, reduced rates, or financial assistance offered to D&E patients or potential patients.

- The procurement of digoxin and KCl by you since 2011, including suppliers and amount spent.

- Record-keeping policies and procedures related to abortions, including state reporting requirements, the nature of information recorded about each procedure, the methods by which abortion-related information is recorded

5

and how such is stored, and the individuals responsible for making and maintaining such records.

**7.    Specific Allegations Contained in Complaint**

- "[P]hysicians" who use "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

- D&E procedures in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

- Physicians who "feel that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

- Procedures in which digoxin or KCl "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

- Procedures in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

- Physicians who "do not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Executive Administration
Texas Bar No.  24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

7

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

8

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667
christopher.hilton@oag.texas.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

9

## EXHIBIT A

## DEFINITIONS

1.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Plaintiff through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

2.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

3.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.  The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

## DOCUMENTS TO BE PRODUCED

Produce the following documents:

1.      All non-privileged files, records, summaries, notes, correspondence, letters, e-mails, and any other documents that a deponent relied upon or referred to in preparation for the deponent's deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CAUSE NO. 1:17-CV-00690-LY |
| v. | § | |
| | § | |
| KEN PAXTON, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF
PLAINTIFF PLANNED PARENTHOOD SOUTH
TEXAS SURGICAL CENTER**

TO:   Whole Woman's Health; Alamo City Surgery Center PLLC; Southwestern Women's Surgery Center; Nova Health Systems, Inc.; Curtis Boyd, M.D.; Jane Doe, M.D.; Bhavik Kumar, M.D.; and Alan Braid, M.D., by and through their attorneys of record, Patrick J. O'Connell, LAW OFFICES OF PATRICK J. O'CONNELL PLLC, 2525 Wallingwood Dr., Bldg. 14, Austin, Texas 78746; AND Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, and Planned Parenthood South Texas Surgical Center, by and through their attorneys of record Melissa Cohen, Planned Parenthood Federation of America, 123 William Street, New York, New York 10038.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Ken Paxton, Attorney General of Texas through his undersigned counsel, hereby provide notice that he will take the deposition upon oral examination of the person(s) designated by Plaintiff Planned Parenthood South Texas Surgical Center with respect to the topics set forth below.

The deposition will take place at **10:00 a.m.** on **August 25, 2017**, at 300 W. 15th Street, 11th floor, Austin, Texas 78701 or at a location to be agreed upon by the

parties. The deposition will be taken before a court reporter who is authorized by law to administer oaths. The deposition will be recorded by stenographic/audio means and also videotaped. The deposition will continue until complete.

Plaintiff Planned Parenthood South Texas Surgical Center shall designate one or more representatives who have personal knowledge of the topics set forth below and who are prepared to testify fully regarding each of those topics. Defendant Ken Paxton may seek relief from the court in the event the designated deponent(s) are not properly prepared to testify on behalf of Planned Parenthood South Texas Surgical Center with respect to each of the identified topics.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, each representative who may be designated by Plaintiff Planned Parenthood South Texas Surgical Center in response to this Notice shall produce at or before the scheduled deposition the documents identified in **Exhibit A** attached to this Notice.

## DEFINITIONS

1.      The term "D&E" refers to that method of performing an abortion, at any LMP Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

2.      The term "D&C" refers to that method of performing an abortion, at any LMP Age, where suction is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

3.      The term "LMP Age" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

4.      The "identity" of an individual means the name, address, and phone number of the individual.

5.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

6.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

3

**TOPICS**

1.    **Abortion Procedures**

- Individuals who perform or have performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

- The total number of abortions performed at each week of LMP Age during each year since 2011, including D&Cs, D&Es, and/or all other methods.

- The type, make, model, features, and uses for imaging equipment, instruments, and/or devices utilized during a surgical abortion.

- The off-label use of medications at your facilities, clinics, offices, or ambulatory surgical centers during each year since 2011.

2.    **Fetal Demise Methods/Procedures**

- Numbers of procedures since 2011 in which digoxin, potassium chloride ("KCl"), or umbilical cord transection was administered or used to attempt to cause fetal demise.

- Numbers of procedures since 2011 in which digoxin, KCl, or umbilical cord transection was used, but failed to cause fetal demise.

- Procedures since 2011 in which any other method of causing fetal demise was utilized or attempted prior to the removal of fetal tissue.

- The number of individuals employed in your facilities qualified to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

- The type and extent of training or other education required to allow a doctor to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

3.    **Abortion and Fetal Demise Complications**

- Complications that you allege can arise from the administration or use of digoxin, KCl, or umbilical cord transection to attempt to cause fetal demise.

- Procedures in which one or more complications has arisen from the

4

administration or use of digoxin, KCl, or umbilical cord transection.

- D&E procedures in which a patient was contraindicated for the use or administration of digoxin, KCl, or umbilical cord transection for the purpose of attempting to cause fetal demise.

- Complications that can arise from the D&E procedure.

**4.    Policies, Processes, and Procedures**

- Policies, processes, or procedures concerning:

  - informed consent for the D&E procedure;
  - informed consent from patients for the use of digoxin, KCl, umbilical cord transection, or any other methods of causing fetal demise prior to a D&E; and
  - the use of intent statements by physicians prior to performing a second trimester abortion.

**5.    Training Materials, Policies, and Educational Materials**

- Training materials, polices, or educational materials concerning:

  - the use of digoxin, KCl, cord transection, or any other methods of causing fetal demise prior to a D&E;
  - compliance with the Partial-Birth Abortion Ban Act of 2003;
  - intraamniotic injections, intrafetal injections, or other pregnancy related injections; and
  - transabdominal injections, transcervical injections, or transvaginal injections, whether or not related to pregnancy.

**6.    Clinic Operations and Record-keeping**

- Pricing information for a surgical abortion, including any discounts, incentives, reduced rates, or financial assistance offered to D&E patients or potential patients.

- The procurement of digoxin and KCl by you since 2011, including suppliers and amount spent.

- Record-keeping policies and procedures related to abortions, including state reporting requirements, the nature of information recorded about each procedure, the methods by which abortion-related information is recorded

and how such is stored, and the individuals responsible for making and maintaining such records.

### 7.   Specific Allegations Contained in Complaint

- "[P]hysicians" who use "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

- D&E procedures in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

- Physicians who "feel that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

- Procedures in which digoxin or KCl "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

- Procedures in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

- Physicians who "do not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

6

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Executive Administration
Texas Bar No.  24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

7

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

## CERTIFICATE OF SERVICE

I certify that on August 16, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667
christopher.hilton@oag.texas.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

9

## EXHIBIT A

## DEFINITIONS

1.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Plaintiff through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

2.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

3.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.  The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

## DOCUMENTS TO BE PRODUCED

Produce the following documents:

1.      All non-privileged files, records, summaries, notes, correspondence, letters, e-mails, and any other documents that a deponent relied upon or referred to in preparation for the deponent's deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

WHOLE WOMAN'S HEALTH, et al.,     §
                                 §
         Plaintiffs,       §
v.                                §      CAUSE NO. 1:17-CV-00690-LY
                                 §
KEN PAXTON, et al.,           §
                                 §
         Defendants.      §

**NOTICE OF RULE 30(b)(6) DEPOSITION OF
SOUTHWESTERN WOMEN'S SURGERY CENTER**

TO:    Whole Woman's Health; Alamo City Surgery Center PLLC; Southwestern Women's Surgery Center; Nova Health Systems, Inc.; Curtis Boyd, M.D.; Jane Doe, M.D.; Bhavik Kumar, M.D.; and Alan Braid, M.D., by and through their attorneys of record, Patrick J. O'Connell, LAW OFFICES OF PATRICK J. O'CONNELL PLLC, 2525 Wallingwood Dr., Bldg. 14, Austin, Texas 78746; AND Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, and Planned Parenthood South Texas Surgical Center, by and through their attorneys of record Melissa Cohen, Planned Parenthood Federation of America, 123 William Street, New York, New York 10038.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Ken Paxton, Attorney General of Texas through his undersigned counsel, hereby provide notice that he will take the deposition upon oral examination of the person(s) designated by Southwestern Women's Surgery Center with respect to the topics set forth below.

The deposition will take place at **10:00 a.m.** on **August 30, 2017**, at 300 W. 15th Street, 11th floor, Austin, Texas 78701 or at a location to be agreed upon by the parties. The deposition will be taken before a court reporter who is authorized by law

to administer oaths. The deposition will be recorded by stenographic/audio means and also videotaped. The deposition will continue until complete.

Plaintiff Southwestern Women's Surgery Center shall designate one or more representatives who have personal knowledge of the topics set forth below and who are prepared to testify fully regarding each of those topics. Defendant Ken Paxton may seek relief from the court in the event the designated deponent(s) are not properly prepared to testify on behalf of Southwestern Women's Surgery Center with respect to each of the identified topics.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, each representative who may be designated by Southwestern Women's Surgery Center in response to this Notice shall produce at or before the scheduled deposition the documents identified in **Exhibit A** attached to this Notice.

## DEFINITIONS

1.    The term "D&E" refers to that method of performing an abortion, at any LMP Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

2.    The term "D&C" refers to that method of performing an abortion, at any LMP Age, where suction is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

3.    The term "LMP Age" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

4.    The "identity" of an individual means the name, address, and phone number of the individual.

5.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

6.    The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

**TOPICS**

1.    **Abortion Procedures**

- Individuals who perform or have performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

- The total number of abortions performed at each week of LMP Age during each year since 2011, including D&Cs, D&Es, and/or all other methods.

- The type, make, model, features, and uses for imaging equipment, instruments, and/or devices utilized during a surgical abortion.

- The off-label use of medications at your facilities, clinics, offices, or ambulatory surgical centers during each year since 2011.

2.    **Fetal Demise Methods/Procedures**

- Numbers of procedures since 2011 in which digoxin, potassium chloride ("KCl"), or umbilical cord transection was administered or used to attempt to cause fetal demise.

- Numbers of procedures since 2011 in which digoxin, KCl, or umbilical cord transection was used, but failed to cause fetal demise.

- Procedures since 2011 in which any other method of causing fetal demise was utilized or attempted prior to the removal of fetal tissue.

- The number of individuals employed in your facilities qualified to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

- The type and extent of training or other education required to allow a doctor to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

3.    **Abortion and Fetal Demise Complications**

- Complications that you allege can arise from the administration or use of digoxin, KCl, or umbilical cord transection to attempt to cause fetal demise.

- Procedures in which one or more complications has arisen from the

4

administration or use of digoxin, KCl, or umbilical cord transection.

- D&E procedures in which a patient was contraindicated for the use or administration of digoxin, KCl, or umbilical cord transection for the purpose of attempting to cause fetal demise.

- Complications that can arise from the D&E procedure.

4.    **Policies, Processes, and Procedures**

- Policies, processes, or procedures concerning:

  - informed consent for the D&E procedure;
  - informed consent from patients for the use of digoxin, KCl, umbilical cord transection, or any other methods of causing fetal demise prior to a D&E; and
  - the use of intent statements by physicians prior to performing a second trimester abortion.

5.    **Training Materials, Policies, and Educational Materials**

- Training materials, polices, or educational materials concerning:

  - the use of digoxin, KCl, cord transection, or any other methods of causing fetal demise prior to a D&E;
  - compliance with the Partial-Birth Abortion Ban Act of 2003;
  - intraamniotic injections, intrafetal injections, or other pregnancy related injections; and
  - transabdominal injections, transcervical injections, or transvaginal injections, whether or not related to pregnancy.

6.    **Clinic Operations and Record-keeping**

- Pricing information for a surgical abortion, including any discounts, incentives, reduced rates, or financial assistance offered to D&E patients or potential patients.

- The procurement of digoxin and KCl by you since 2011, including suppliers and amount spent.

- Record-keeping policies and procedures related to abortions, including state reporting requirements, the nature of information recorded about each procedure, the methods by which abortion-related information is recorded

and how such is stored, and the individuals responsible for making and maintaining such records.

**7.    Specific Allegations Contained in Complaint**

- "[P]hysicians" who use "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

- D&E procedures in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

- Physicians who "feel that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

- Procedures in which digoxin or KCl "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

- Procedures in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

- Physicians who "do not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

6

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Executive Administration
Texas Bar No.  24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

7

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

8

## CERTIFICATE OF SERVICE

I certify that on August 16, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667
christopher.hilton@oag.texas.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

9

## EXHIBIT A

## DEFINITIONS

1.      "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Plaintiff through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

2.      The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

3.      The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.  The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

## DOCUMENTS TO BE PRODUCED

Produce the following documents:

1.     All non-privileged files, records, summaries, notes, correspondence, letters, e-mails, and any other documents that a deponent relied upon or referred to in preparation for the deponent's deposition.