# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CAUSE NO.  A-17-CV-690-LY |
| | ) | |
| v. | ) | |
| | ) | |
| KEN PAXTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT KEN PAXTON'S
FIRST SET OF JOINT REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby object and respond to Defendant Ken Paxton's First Set of Requests for Production, dated August 1, 2017 (the "Requests").

**GENERAL OBJECTIONS TO REQUESTS**

1.      Plaintiffs object to the Requests to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court, including but not limited to seeking to shorten the time to respond under the Federal Rules absent an order from the Court.

2.      Plaintiffs object to the Requests to the extent they are overly-broad, unduly burdensome or seek documents that are neither relevant to the claims or defenses asserted by the parties in this litigation nor are proportional to the needs of the case, or are otherwise outside the scope of discovery permitted by the Federal Rules of Civil Procedure.

3.      Plaintiffs object to the Requests to the extent that responding to them would cause annoyance, harassment, embarrassment, oppression, and/or undue burden, delay, or expense.

4.      Plaintiffs object to the Requests to the extent that they seek information that can be obtained from some other source that is more convenient, less burdensome, or less expensive, or that is unreasonably cumulative or duplicative.

5.      Plaintiffs object to the Requests to the extent they seek information already available to the Defendant.

6.      Plaintiffs object to the Requests to the extent they request the production of electronically stored information that is not reasonably accessible because of *inter alia* undue burden or cost.

7.      Plaintiffs object to the Requests to the extent they seek information or documents that are protected by the attorney-client privilege or the work product doctrine, were prepared in anticipation of litigation, constitute or disclose the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Plaintiffs concerning this or any other litigation, or are protected by any other privilege or doctrine.  To the extent that the Requests call for documents protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such documents will not be produced.

8.      Plaintiffs object to the Requests to the extent they purport to require Plaintiffs to produce documents and information outside their possession, custody or control.

9.       Plaintiffs object to the Requests to the extent they purport to require production of "all" documents, without limitation (including as to subject matter, materiality, or accessibility), as overbroad and unduly burdensome.  In reviewing their files for records and documents potentially responsive to the Requests, Plaintiffs will undertake to conduct a reasonable search for potentially responsive documents in the files of those employees most likely to have responsive documents and in centrally located files and databases in which the

information related to such matters ordinarily would be expected to be found, to the extent that such files and/or databases are reasonably accessible.

10.    Plaintiffs expressly reserve the right to supplement or amend their production if and when any such additional documents are discovered. Any production made by Plaintiffs is subject to and without waiving Plaintiffs' right to introduce, use, or refer to documents that Plaintiffs presently have, but that Plaintiffs have not yet had sufficient time to analyze and evaluate, as well as Plaintiffs' right to supplement.

11.    These responses are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents provided in response to the Requests or the subject matter thereof; and (ii) the right to object on any ground to the use of the documents provided in response to the Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings.

## GENERAL OBJECTIONS TO DEFINITIONS

Recognizing that parties generally may define terms as they wish for purposes of their discovery requests, Plaintiff sets forth below objections to Defendant's definitions for the reasons stated, which objections are applicable to each of Plaintiffs' specific objections and responses to the Requests and are incorporated therein.

### Objection to Requests for Physician and Clinic Employee Names

Definition No. 1 provides: "'Plaintiff,' 'Plaintiffs,' 'you,' and 'your' refer to each and every Plaintiff . . . and their employees and agents."

Definition No. 7 provides: "A request that asks you to produce documents that identify an individual, physician, or business is requesting documents that, at a minimum, show the

3

individual's, physician's, or business's name; business address; and business phone number."

Similarly, Definition No. 8 provides: "A request that asks you to produce documents that identify

a procedure is requesting documents that show . . . the name of the treating physician(s) . . . ."

Plaintiffs objects to each Request utilizing these definitions to the extent that it seeks the

names of plaintiffs' physicians, staff members, and independent contractors, unless that

information is protected from disclosure by a protective order.  Plaintiffs further object to each

Request utilizing these definitions on the grounds that the prejudice of disclosure of the

identifying information outweighs any probative value.  Plaintiffs further object to each Request

utilizing these definitions as overly-broad and unduly burdensome, in that they purport to require

Plaintiffs to search the documents of, however limited or tangential, each and every individual

employed by or who represents any relevant entity at any level of authority or responsibility,

relating to the subject matter of these Requests.

**Objection to Requests for Patient Identifying Information**

Definition No. 8 provides: "A request that asks you to produce documents that identify a

procedure is requesting documents that show, at a minimum, the date of the procedure; the

patient's first and last initials; the name of the treating physician(s); the Post-fertilization Age (as

herein defined); and the name of the facility, clinic, office, ambulatory surgical center, or other

location where the procedure took place."

Plaintiffs object to each Request utilizing this definition to the extent that it seeks patient-

identifying information that is covered by the medical records privileges, including Tex.

Occupations Code § 159.002, Tex. Health & Safety Code § 245.011, Tex. Health & Safety Code

§ 108.013, and Tex. Admin. Code § 139.4, the Health Insurance Portability and Accountability

Act of 1996 ("HIPAA"), and the regulations promulgated thereunder, 45 C.F.R. Parts 160, 164,

and that such disclosure would violate Plaintiffs' patients' constitutional right to informational privacy.

**Objection to the Use of "Post-fertilization Age"**

Definition No. 5 provides: "The term 'LMP' refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period."

Definition No. 6 provides: "The term 'Post-fertilization Age' refers to that method of determining the age of an unborn child that counts from the approximated date of fertilization, which is generally two weeks less than the LMP age of the fetus."

Plaintiffs object to any Request requiring the production of documents demonstrating Post-fertilization Age rather than LMP to the extent that responsive documents are maintained by Plaintiffs using LMP. Plaintiffs will produce responsive documents as they are kept in the usual course of business per Rule 26(b)(2)(E)(i).

**Objection to Definitions of "Dilation and Evacuation" and "Dilation and Curettage"**

Definition No. 3 provides: "The terms 'Dilation and Evacuation,' 'D&E Procedure,' and 'D&E' refer to that method of performing an abortion, at any Post-Fertilization Age, where forceps, or similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluid or some fetal parts."

Definition No. 4 provides: "The terms 'Dilation and Curettage,' 'D&C Procedure,' and 'D&C' refer to that method of performing an abortion, at any Post-fertilization age, where suction is the primary method of abortion used to extract a fetus and where forceps or a similar instrument may or may not be used to extract some fetal parts."

Plaintiffs object to these definitions on the grounds that the term "primary method" is vague.

## GENERAL OBJECTIONS TO INSTRUCTIONS

### Objection to Instruction Not to Redact Documents

Instruction No. 9 provides: "Each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether Plaintiffs consider the entire document to be relevant or responsive to these Requests."

Plaintiffs object to this instruction to the extent that it requests production of irrelevant information. Plaintiffs further object on the grounds that it requires production of documents that contain confidential information. Plaintiffs further object on the grounds that Instruction No. 9 is inconsistent with Definition No. 8, which requests documents that show the patient's first and last initials. Plaintiffs further object to the extent that this instruction would require disclosure of the names of Plaintiffs' physicians, staff members, and independent contractors, unless that information is protected from disclosure by a protective order. Plaintiffs further object to this instruction to the extent that it would require disclosure of patient-identifying information that is covered by the medical records privileges, including Tex. Occupations Code § 159.002, Tex. Health & Safety Code § 245.011, Tex. Health & Safety Code § 108.013, and Tex. Admin. Code § 139.4, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the regulations promulgated thereunder, 45 C.F.R. Parts 160, 164, and that such disclosure would violate Plaintiffs' patients' constitutional right to informational privacy. Plaintiffs further object on the grounds that the prejudice of disclosure of the identifying information as to physicians, staff, independent contractors and patients outweighs any probative value.

6

**Objection to Instruction Requiring Ongoing Production**

Instruction 11 states that that "[a]ny document obtained, created, identified, or located after services of any responses . . . should be produced immediately."

Plaintiffs object to this instruction on the grounds that the term "immediately" is vague, and also unreasonable to the extent that it would require Plaintiffs to "immediately" provide documents for every abortion performed after Plaintiffs' initial responses.

**Objection to Relevant Time period of requested discovery**

Instruction No. 18 provides: "The relevant time period for these Requests is January 1, 2011 through the time of trial, unless otherwise stated."

Plaintiffs object to this Instruction because the extended time period of more than 6.5 years as it is not reasonable or narrowly tailored in scope as required for expedited discovery; it is overly-broad; the information sought is not relevant; the time period is not proportional to the needs of the case; and because the burden and/or expense of responding over this period of time outweighs the benefit. Plaintiffs will meet and confer with Defendant Paxton regarding this instruction.

**SPECIFIC OBJECTIONS TO REQUESTS**

**REQUEST NO. 1**

Documents sufficient to identify all of the individuals you list in your answer to Interrogatory No. 1.

**OBJECTION TO REQUEST NO. 1**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because

7

this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) it seeks the names of individual physicians; (2) it seeks documents related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case; and (3) it seeks the names of physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value. Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" individuals disclosed in response to Interrogatory No. 1.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of physicians who currently provide procedures at 14.0 weeks LMP or later at Plaintiff facilities, and will meet and confer regarding this request.

**REQUEST NO. 2**

Documents sufficient to identify the number of abortion procedures performed by each individual listed in Interrogatory No. 1 at each week of Post-fertilization Age during each year since 2011.

**OBJECTION TO REQUEST NO. 2**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or

defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and the number and type of procedures they have performed is not relevant to the resolution of any issue in this case; (2) it seeks documents related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case; and (3) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents, reproduction of such documents could amount to thousands of pages, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.  Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" the number of abortions performed by each individual identified in Interrogatory No. 1.  Plaintiffs further object to this Request on the ground that to the extent that any information sought through this Request is relevant, pursuant to the Joint Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents, Information and Data,  Defendant Paxton will have access to much of the information requested, as Plaintiffs annually report information about each abortion performed at their facilities as required by Tex. Health & Safety Code § 245.011 to the Texas Department of State Health Services ("DSHS"). This information includes:  the name and location of the facility; the patient's date of birth and county and state of residence; the date of the abortion; the probable Post-fertilization Age of the

9

fetus; the type of procedure used (including options for suction curettage and D & E); and any complications known to the facility.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 3**

Documents sufficient to identify each D & C Procedure performed at your facility(ies) or by one of the individuals listed in Interrogatory No. 1 since 2011.

**OBJECTION TO REQUEST NO. 3**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and specific information as to each D&C procedure that physician has performed, including patient-identifying information, is not relevant to the resolution of any issue in this case; (2) it seeks documents related to the provision of first trimester surgical abortion, which is not at issue in this case; and (3) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents, reproduction of those documents could amount to thousands of pages, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient

10

identifying information, the time and expense required for redaction. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient-identifying information outweighs any probative value. Plaintiffs further object to this Request on the ground that to the extent that any information sought through this Request is relevant, pursuant to the Joint Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents, Information and Data, Defendant Paxton will have access to much of the information requested, as set forth in Plaintiffs' objection to Request No. 2. Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such procedure.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


**REQUEST NO. 4**

Documents sufficient to identify each D & E Procedure performed at your facility(ies) or by one of the individuals listed in Interrogatory No. 1 since 2011.

**OBJECTION TO REQUEST NO. 4**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and specific information as to each D & E procedure that physician has performed, including patient-identifying information, is not relevant to the resolution of any

11

issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents, reproduction of those documents could amount to thousands of pages, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.  Plaintiffs further object to this Request on the ground that to the extent that any information sought through this Request is relevant, pursuant to the Joint Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents, Information and Data,  Defendant Paxton will have access to much of the information requested, as set forth in Plaintiffs' objection to Request No. 2. Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such procedure.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 5**

Documents sufficient to identify each procedure, since 2011, in which digoxin was administered or used to attempt to cause fetal demise.

12

**OBJECTION TO REQUEST NO. 5**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and specific information as to each procedure in which digoxin was administered, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents, reproduction of those documents could amount to thousands of pages, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction. Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such procedure.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years. Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for the use of digoxin at any of Plaintiffs' facilities that currently use digoxin. Subject to, and

13

without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 6**

Documents sufficient to identify each procedure, since 2011, in which digoxin was administered or used to attempt to cause fetal demise and such administration or use of digoxin failed to cause fetal demise.

**OBJECTION TO REQUEST NO. 6**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which digoxin was administered but failed to cause fetal demise, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense

14

required for redaction.  Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such procedure.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years. Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for the use of digoxin at facilities that currently use digoxin.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

## REQUEST NO. 7

Documents sufficient to identify each procedure, since 2011, in which potassium chloride was administered or used to attempt to cause fetal demise.

## OBJECTION TO REQUEST NO. 7

Subject to, and without waiving, the foregoing General Objections, since 2011, Plaintiffs have not used or administered potassium chloride to attempt to cause fetal demise, and therefore have no responsive documents.

## REQUEST NO. 8

Documents sufficient to identify each procedure, since 2011, in which potassium chloride was administered or used to attempt to cause fetal demise and such administration or use of potassium chloride failed to cause fetal demise.

**OBJECTION TO REQUEST NO. 8**

Subject to, and without waiving, the foregoing General Objections, since 2011, Plaintiffs have not used or administered potassium chloride to attempt to cause fetal demise, and therefore have no responsive documents.

**REQUEST NO. 9**

Documents sufficient to identify each procedure, since 2011, in which umbilical cord transection was used to attempt to cause fetal demise.

**OBJECTION TO REQUEST NO. 9**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which umbilical cord transection was used to attempt to cause fetal demise, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to identify responsive

16

documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction. Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such procedure.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 10**

Documents sufficient to identify each procedure, since 2011, in which umbilical cord transection was used to attempt to cause fetal demise and such umbilical cord transection failed to cause fetal demise.

**OBJECTION TO REQUEST NO. 10**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and specific information as to each procedure in which umbilical cord transection was used to attempt to cause fetal demise and failed to do so, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying

17

information outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.  Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such procedure in which umbilical cord transection was used to attempt to cause fetal demise and such umbilical cord transection failed to cause fetal demise.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


**REQUEST NO. 11**

Documents sufficient to identify each "physician[] in Texas" who has used "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

**OBJECTION TO REQUEST NO. 11**

Plaintiffs object to this Request on the grounds that it misstates the claims in Plaintiffs' Complaint and seeks information about providers who are not parties to this action which is outside Plaintiffs' personal knowledge, possession, custody, or control.  Limiting this Request to Plaintiffs and their physicians, Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to

18

any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians who have attempted to cause demise by transabdominal or transvaginal injection of digoxin is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value.  Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such physician.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of current physicians at Plaintiff facilities who have attempted to cause fetal demise via an injection of digoxin in Texas, and will meet and confer regarding this request.

## REQUEST NO. 12

Documents concerning any D & E procedure in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

## OBJECTION TO REQUEST NO. 12

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of

19

individual physicians and specific information as to each D & E procedure that was completed in one visit, including patient-identifying information which is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.

Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for dilation for procedures at 14.0 weeks LMP or later at Plaintiff facilities. Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 13**

Documents sufficient to identify each physician in Texas who "feel[s] that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

**OBJECTION TO REQUEST NO. 13**

Plaintiffs object to this Request on the grounds that it misstates the claims in Plaintiffs' Complaint and seeks information about providers who are not parties to this action which is outside Plaintiffs' personal knowledge, possession, custody, or control. Limiting this Request to

20

Plaintiffs and their physicians, Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians who feel that fetal demise makes the procedure easier is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value. Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such physician.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of physicians currently providing D & E procedures at Plaintiff facilities who believe that causing fetal demise makes the procedure easier because the fetal tissue may soften as a result of demise, and will meet and confer regarding this request.

**REQUEST NO. 14**

Documents you contend support your allegation that complications can arise from the administration or use of digoxin to attempt to cause fetal death.

**OBJECTION TO REQUEST NO. 14**

Plaintiffs object to this request on the grounds that it is unduly burdensome to the extent that it would require production of entire textbooks or other lengthy references.  Plaintiffs further object on the grounds that the requested information will be disclosed in expert reports and at that point the documents will be equally available to Defendant Paxton through readily available sources.

Subject to, and without waiving, the foregoing General Objections, Plaintiffs will produce the consent forms used by Plaintiff facilities that currently attempt to induce demise through the administration of digoxin.

**REQUEST NO. 15**

Documents concerning each procedure in which a complication has arisen from the administration or use of digoxin to attempt to cause fetal demise.

**OBJECTION TO REQUEST NO. 15**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure that physician has performed, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the

grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.

Plaintiffs note that many of Plaintiffs' facilities do not use digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 16**

Documents concerning each procedure in which digoxin "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

**OBJECTION TO REQUEST NO. 16**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs object to this Request as duplicative of Request No. 6.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which digoxin has failed to cause demise, including patient-

23

identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.

Plaintiffs note that many of the Plaintiff facilities do not used digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 17**

Documents concerning each D & E procedure in which a patient was contraindicated for the use or administration of digoxin for the purpose of attempting to cause fetal demise.

**OBJECTION TO REQUEST NO. 17**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of

24

individual physicians and specific information as to each instance in which digoxin was contraindicated, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.

Plaintiffs note that many of the Plaintiff facilities do not used digoxin or have not done so for years.  Plaintiffs will, upon the entry of an appropriate protective order, provide protocols from facilities that currently use digoxin regarding patients who are contraindicated for the use of digoxin, to the extent such protocols are available.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 18**

Documents concerning any procedure in which more than one injection of digoxin was administered, as referenced in paragraph 54 of Plaintiffs' Complaint.

**OBJECTION TO REQUEST NO. 18**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object to this Request as duplicative of Request No. 6.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which digoxin was administered but failed to cause fetal demise, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome, to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.

Plaintiffs note that many of the Plaintiff facilities do not used digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 19**

Documents sufficient to identify each physician in Texas who "do[es] not use digoxin to cause

fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as

referenced in paragraph 57 of Plaintiffs' Complaint.

**OBJECTION TO REQUEST NO. 19**

Plaintiffs object to this Request on the grounds that it seeks information about providers

who are not parties to this action which is outside Plaintiffs' personal knowledge, possession,

custody, or control.  Limiting this Request to Plaintiffs and their physicians, Plaintiffs object to

this Request on the grounds that it is not reasonable or narrowly tailored as required for

expedited discovery.  Plaintiffs further object for the reasons set forth above in the General

Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks

information that is overly-broad and neither relevant to any party's claim or defense nor

proportional to the needs of the case, and specifically that:  (1) it seeks the names of individual

physicians; (2) it seeks information about physicians who no longer provide abortions at Plaintiff

facilities; and (3) Defendant Paxton has, through his assertion that the use of digoxin is a means

by which physicians can avoid criminal prosecution for violating the challenged provisions of

S.B. 8, conceded that the use of digoxin to cause fetal demise does not violate Texas Health &

Safety Code § 171.063.  Plaintiffs further object to this request as vague, as it is unclear what

documents are "sufficient to identify" each such physician.

Subject to, and without waiving, the foregoing General Objections and specific

objections, Plaintiffs will meet and confer regarding this request.

27

**REQUEST NO. 20**

Documents sufficient to identify each and every abortion-inducing drug, as defined in Texas Health & Safety Code § 171.061(2), that you have ever given, sold, dispensed, administered, provided, or prescribed in a manner that is not authorized by the "final printed label" approved by the United States Food and Drug Administration, as defined in Texas Health & Safety Code § 171.061(3).

**OBJECTION TO REQUEST NO. 20**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) to the extent that it seeks information related to the provision of medication abortion, which is not at issue in this case; (2) to the extent that it seeks information related to the provision of services outside of Plaintiff facilities; and (3) because Defendant Paxton has, through his assertion that the use of digoxin or potassium chloride as a means by which physicians can avoid criminal prosecution for violating the challenged provisions of S.B. 8, conceded that the off-label use of drugs to cause fetal demise does not violate Texas Health & Safety Code § 171.063.  Plaintiffs further object to the meaning of "ever" as used in this Request, particularly because Texas Health & Safety Code § 171.061 was not enacted until 2013.  Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such drug.

28

**REQUEST NO. 21**

Documents sufficient to identify all individuals or business from whom you have purchased

digoxin since 2011.

**OBJECTION TO REQUEST NO. 21**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly

tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth

above in the General Objections to Definitions and Instructions.  Plaintiffs further object because

this Request seeks information that it is overly-broad and neither relevant to any party's claim or

defense nor proportional to the needs of the case. Plaintiffs further object to this Request on the

grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs'

vendors outweighs any probative value.  Plaintiffs further object to this Request on the grounds

that it is unduly burdensome to the extent that it could require extensive review of business

records to identify responsive documents, and, based on Plaintiffs' objection to the production of

any document containing irrelevant information or the disclosure of identifying information

regarding Plaintiffs' vendors, the time and expense required for redaction.  Plaintiffs further

object to this request as vague, as it is unclear what documents are "sufficient to identify" each

such individual or business.


**REQUEST NO. 22**

Documents concerning any purchases of digoxin by you or your affiliates, as applicable or by

any other individual identified in the documents responsive to Request No. 1.

**OBJECTION TO REQUEST NO. 22**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that it is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' vendors outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that, if such documents exist, it could require extensive review of business records to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant information or the disclosure of identifying information regarding Plaintiffs' vendors, the time and expense required for redaction.

**REQUEST NO. 23**

Documents concerning communications between you or your employees and Planned Parenthood Federation of America concerning Senate Bill 8.

**OBJECTION TO REQUEST NO. 23**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that it is overly-broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:

30

(1) it seeks communications from an overly-broad time period; (2) it purports to require searches of communications engaged in by every individual employed by Plaintiffs at every level of authority and responsibility; and (3) it seeks documents that will contain the names and other identifying information of Plaintiffs' physicians and staff members, as well as Planned Parenthood Federation of America ("PPFA") staff members, including individuals who are no longer employed by Plaintiffs or PPFA.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of identifying information regarding Plaintiffs' physicians and staff and PPFA staff outweighs any probative value.  Plaintiffs further object that the Request seeks information protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


**REQUEST NO. 24**

Documents concerning communications between you or your employees and Planned Parenthood Federation of America concerning digoxin.

**OBJECTION TO REQUEST NO. 24**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that it is overly-broad, unduly burdensome, and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) it seeks communications from an overly-broad time period; (2) it purports to require searches

31

of communications engaged in by every individual employed by Plaintiffs at every level of

authority and responsibility; and (3) it seeks documents that will contain the names and other

identifying information of Plaintiffs' physicians and staff members, as well as PPFA staff

members, including individuals who are no longer employed by Plaintiffs or PPFA.  Plaintiffs

further object to this Request on the grounds that the prejudice of disclosure of identifying

information regarding Plaintiffs' physicians and staff and PPFA staff outweighs any probative

value.  Plaintiffs further object that the Request seeks information protected from disclosure by

the attorney-client privilege and the attorney work-product doctrine.

Subject to, and without waiving, the foregoing General Objections and specific

objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 25**

Documents concerning communications between you or your employees and Planned

Parenthood Federation of America concerning dismemberment abortion laws or regulations.

**OBJECTION TO REQUEST NO. 25**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly

tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth

above in the General Objections to Definitions and Instructions.  Plaintiffs further object because

this Request seeks information that it is overly-broad, unduly burdensome, and neither relevant

to any party's claim or defense nor proportional to the needs of the case, and specifically that:

(1) it seeks communications from an overly-broad time period; (2) it purports to require searches

of communications engaged in by every individual employed by Plaintiffs at every level of

authority and responsibility; and (3) it seeks documents that will contain the names and other

identifying information of Plaintiffs' physicians and staff members, as well as PPFA staff members, including individuals who are no longer employed by Plaintiffs or PPFA.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of identifying information regarding Plaintiffs' physicians and staff and PPFA staff outweighs any probative value.  Plaintiffs further object that the Request seeks information protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.  Plaintiffs further object to this Request on the grounds that the phrase "dismemberment abortion laws or regulations" is vague.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 26**

Documents identifying the total amount of money that you have spent purchasing digoxin during each year since 2011.

**OBJECTION TO REQUEST NO. 26**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object because this Request seeks information that it is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' vendors outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that, if such documents exist, it could require extensive

review of business records to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant information or the disclosure of identifying information regarding Plaintiffs' vendors, the time and expense required for redaction.

Subject to, and without waiving the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 27**

Documents sufficient to identify each individual with knowledge of the abortion procedures used at your facilities, clinics, offices, ambulatory surgical centers, or other locations, who was not otherwise identified in response to Interrogatory No. 1.

**OBJECTION TO REQUEST NO. 27**

Plaintiffs object to this Request on the ground that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs further object because this Request is vague as to what constitutes "with knowledge of the abortion procedures." Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) it seeks the names of individual clinic employees and independent contractors; (2) it seeks information about individuals who are no longer employed or who no longer provide abortions at Plaintiff facilities; and (3) it seeks information related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case. Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that,

34

based on Plaintiffs' objection to the production of any document containing irrelevant information or the disclosure of identifying information regarding Plaintiffs' physicians, staff, or independent contractors, the time and expense required for redaction. Plaintiffs further object to the extent this Request is duplicative of Request No. 1 Plaintiffs further object to this request as vague, as it is unclear what documents are "sufficient to identify" each such individual.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of physicians who currently provide procedures at 14.0 weeks LMP or later at Plaintiff facilities, and will meet and confer regarding this request.

## REQUEST NO. 28

Documents concerning any D & E procedure in which an individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

## OBJECTION TO REQUEST NO. 28

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions. Plaintiffs object to this Request as duplicative of Request No's 6, 11, and 18. Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and specific information as to each procedure in which digoxin has failed to cause demise, including patient-identifying information, is not relevant to the resolution of any issue in

35

this case; and (2) it seeks information about physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Request on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Request on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to identify responsive documents, and, based on Plaintiffs' objection to the production of any document containing irrelevant or patient identifying information, the time and expense required for redaction.

Plaintiffs note that many of the Plaintiff facilities do not used digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 29**

Documents concerning the clinical management guidelines defined by the American Congress of Obstetricians and Gynecologists Practice Bulletin as those guidelines existed on January 1, 2013, as referenced in Texas Health & Safety Code § 171.063(b).

**OBJECTION TO REQUEST NO. 29**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

36

**REQUEST NO. 30**

All complication forms submitted to the State of Texas concerning complications that were caused, or suspected to have been caused, in whole or in part by the administration of digoxin.

**OBJECTION TO REQUEST NO. 30**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object to this Interrogatory on the grounds that it is overly-broad, unduly burdensome, and not proportional to the needs of the case.  While Plaintiffs do not concede the relevance of the complication forms, individually or collectively, and do not hereby not waive any objections to their use in this litigation, pursuant to the Joint Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents, Information and Data,  Defendant Paxton will have access to the requested documents currently in the possession of "the State of Texas," thereby rendering production by Plaintiffs unnecessary and duplicative.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


**REQUEST NO. 31**

Policies, procedures, guidelines, instructions, affiliation standards, or documents concerning the use of digoxin by you or any other individual identified in the documents responsive to Request No. 1.

37

**OBJECTION TO REQUEST NO. 31**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions and Instructions.  Plaintiffs further object to this Request on the grounds that it is vague, overly-broad, unduly burdensome, and not proportional to the needs of the case, and specifically that to the extent that the names of physicians or other staff, including individuals who no longer work at or provide abortion procedures at Plaintiff facilities may appear on responsive documents, that information is not relevant to the resolution of any issue in this case.  Plaintiffs further object to this Request on the grounds that to the extent that the names of physician or staff appear on such documents, the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.

Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for the use of digoxin at facilities that currently use digoxin.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 32**

Policies, procedures, guidelines, instructions, affiliation standards, or documents concerning determination as to the appropriate method for performing an abortion on a particular patient.

**OBJECTION TO REQUEST NO. 32**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object to this Request on the

38

grounds that the phrase "concerning the determination as to the appropriate method for performing an abortion on a particular patient" is vague.  Plaintiffs further object to the Request on the grounds that it is overly-broad, unduly burdensome, and not proportional to the needs of the case, and specifically that:  (1) to the extent that the names of physicians or other staff, including individuals who no longer work at or provide abortion procedures at Plaintiff facilities may appear on responsive documents, that information is not relevant to the resolution of any issue in this case; and (2) that it seeks documents related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case.  Plaintiffs further object to this Request on the grounds that to the extent that the names of physician or staff appear on such documents, the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.

Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for the provision of D & E procedures at Plaintiff facilities.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


**REQUEST NO. 33**

Documents, articles, treatises, books, papers, publications, peer-reviewed literature, scientific materials, or other documents in your possession, custody, or control concerning the use of digoxin to cause fetal demise.

**OBJECTION TO REQUEST NO. 33**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object to this Request on the

grounds that it is vague, overly-broad, unduly burdensome, and not proportional to the needs of

the case.  Plaintiffs further object to this request on the grounds that it is unduly burdensome to

the extent that it would require production of entire textbooks or other lengthy references.

Plaintiffs further object on the grounds that the requested information will be disclosed in expert

reports and at that point the documents will be equally available to Defendant Paxton through

readily available sources.

Subject to and without waiving the foregoing General objections and specific objections,

Plaintiffs will meet and confer regarding this request.


**REQUEST NO. 34**

All "intent forms" or other documents describing or concerning the process or specific methods

employed in any abortions performed by you or any other individual identified in the documents

responsive to Request No. 1.

**OBJECTION TO REQUEST NO. 34**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly

tailored as required for expedited discovery.  Plaintiffs further object because this Request seeks

information that it is overly-broad and neither relevant to any party's claim or defense nor

proportional to the needs of the case, and specifically that to the extent that the names of

physicians or other staff, including individuals who no longer work at or provide abortion

procedures at Plaintiff facilities may appear on responsive documents, that information is not

relevant to the resolution of any issue in this case.  Plaintiffs further object to this Request on the

grounds that to the extent that the names of physician or staff appear on such documents, the

prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient

identifying information outweighs any probative value.  Plaintiffs further object to this Request because it is vague.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 35**

A copy of documents used to obtain informed consent to or waiver of liability for any abortion procedure from your patients, including consents and waivers related to any component of any abortion procedure.

**OBJECTION TO REQUEST NO. 35**

Plaintiffs object to this Request on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object because this Request seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that it seeks information related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case.

Plaintiffs will, upon entry of an appropriate protective order, produce forms currently used at Plaintiff facilities in conjunction with the provision of D & E procedures.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**REQUEST NO. 36**

Documents that you or any other individual identified in the documents responsive to Request No. 1 have provided to the State pursuant to State law reporting obligations, including any Intentional Termination of Pregnancy ("ITOP") forms and any complications reporting forms.

**OBJECTION TO REQUEST NO. 36**

Plaintiffs object to this Request on the ground that, while Plaintiffs do not concede the relevance of the ITOP or complication forms, individually or collectively, and do not hereby not waive any objections to their use in this litigation, pursuant to the Joint Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents, Information and Data, Defendant Paxton will have access to the requested documents provided to the State, thereby rendering production by Plaintiffs unnecessary and duplicative.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


Dated: August 18, 2017


 _/s/ Patrick J. O'Connell_____
Patrick J. O'Connell
Texas Bar No. 15179900
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
(512) 852-5918
pat@pjofca.com

*Attorney for all Plaintiffs*

Janet Crepps*
Molly Duane*
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519 (Janet Crepps)

(917) 637-3631 (Molly Duane)
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

*Attorneys for Plaintiffs Whole Woman's Health,
Alamo City Surgery Center, Southwestern Women's
Surgery Center, Nova Health Systems, Curtis Boyd,
M.D., Robin Wallace, M.D., Bhavik Kumar, M.D., and
Alan Braid, M.D.*

Melissa Cohen*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

*Attorney for Plaintiffs Planned Parenthood Center
For Choice, Planned Parenthood of Greater Texas
Surgical Health Services, and Planned Parenthood
South Texas Surgical Center*

*Admitted *pro hac vice*

43

## CERTIFICATE OF SERVICE

I certify that on this 18th day of August 2017, I served a copy of the foregoing by electronic mail on counsel of record for Defendant Paxton.


                                          */s/ Patrick J. O'Connell*_____
                                            Patrick J. O'Connell