# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CAUSE NO. A-17-CV-690-LY |
| | ) | |
| v. | ) | |
| | ) | |
| KEN PAXTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT KEN PAXTON'S FIRST SET OF JOINT INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, hereby object and respond to Defendant Ken Paxton's First Set of Interrogatories, dated August 1, 2017 (the "Interrogatories").

### GENERAL OBJECTIONS TO INTERROGATORIES

Plaintiffs make the following General Objections, which are expressly incorporated into each of the Objections to the Definitions, Instructions, and Specific Interrogatories below as though set forth in full and without waiving these General Objections:

1. Plaintiffs object to the Interrogatories to the extent that they seek to impose a burden or obligation beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court, including but not limited to seeking to shorten the time to respond under the Federal Rules absent an order from the Court.

2. Plaintiffs object to the Interrogatories to the extent they are overly broad, unduly burdensome or seek information that is neither relevant to the claims or defenses asserted by the

parties in this litigation nor proportional to the needs of the case, or are otherwise outside the scope of discovery permitted by the Federal Rules of Civil Procedure.

3.      Plaintiffs object to the Interrogatories to the extent that responding to them would cause annoyance, harassment, embarrassment, oppression, and/or undue burden, delay, or expense.

4.      Plaintiffs object to the Interrogatories to the extent that they seek information that can be obtained from some other source that is more convenient, less burdensome, or less expensive, or that is unreasonably cumulative or duplicative.

5.      Plaintiffs object to the Interrogatories to the extent they seek information already available to the Defendant.

6.      Plaintiffs expressly reserve the right to supplement or amend these responses if and when any additional information is ascertained. These responses are made by Plaintiffs subject to and without waiving Plaintiffs' right to introduce, use, or refer to information that Plaintiffs presently have, but that Plaintiffs have not yet had sufficient time to analyze and evaluate, as well as Plaintiffs' right to amend.

7.      These responses are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided in response to the Interrogatories or the subject matter thereof; and (ii) the right to object on any ground to the use of the information provided in response to the Interrogatories or the subject matter thereof at any trial, hearing, or other stage of the proceedings.

## GENERAL OBJECTIONS TO DEFINITIONS

Recognizing that parties generally may define terms as they wish for purposes of their discovery requests, Plaintiffs set forth below objections to Defendant Paxton's definitions for the reasons stated, which objections are applicable to each of Plaintiffs' specific objections and responses to the Interrogatories and are incorporated therein.

### Objection to Requests for Physician and Clinic Employee Names

Definition No. 1 provides: "'Plaintiff,' 'Plaintiffs,' 'you,' and 'your' refer to each and every Plaintiff . . . and their employees and agents."

Definition No. 7 provides: "'Identify,' with respect to an individual, physician, or business, means provide the individual's, physician's, or business's name." Similarly, Definition No. 8 provides: "'Identify,' with respect to a procedure, means provide . . .the name of the treating physician(s)."

Defendant Paxton requests that Plaintiffs "Identify" the physicians who have performed abortions at their facilities, and have specifically performed certain procedures, in Interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, and 19. Defendant Paxton further requests that Plaintiffs "[i]dentify each individual with knowledge of the abortion procedures used at your facilities, clinics, offices, ambulatory surgical centers, or other locations, who was not otherwise identified in response to 1" in Interrogatory 23.

Plaintiffs object to each of these Interrogatories to the extent that they seek the names of Plaintiffs' physicians, staff members, and independent contractors, unless that information is protected from disclosure by a protective order. Plaintiffs further object to each of these Interrogatories on the grounds that the prejudice of disclosure of the identifying information outweighs any probative value. Plaintiffs further object to each of these Interrogatories as

3

overly-broad and unduly burdensome, in that they purport to require Plaintiffs to ascertain the knowledge, however limited or tangential, of each and every individual employed by or who represents any relevant entity at any level of authority or responsibility, relating to the subject matter of these Interrogatories.

### Objection to Requests for Patient Identifying Information

Definition No. 8 provides: "'Identify,' with respect to a procedure, means provide the date of the procedure; the patient's first and last initials; the name of the treating physician(s); the Post-fertilization Age (as herein defined); and the name of the facility, clinic, office, ambulatory surgical center, or other location where the procedure took place."

Defendant Paxton requests that Plaintiffs "identify," procedures, that is, provide the initials of patients, coupled with the date and location of their abortions, in Interrogatories 3, 4, 5, 6, 7, 8, 9, 10, 12, 15, 16, 17, and 18.

Plaintiffs object to each of these Interrogatories to the extent that they seek patient-identifying information that is covered by the medical records privileges, including Tex. Occupations Code § 159.002, Tex. Health & Safety Code § 245.011, Tex. Health & Safety Code § 108.013, and Tex. Admin. Code § 139.4, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the regulations promulgated thereunder, 45 C.F.R. Parts 160, 164, and that such disclosure would violate Plaintiffs' patients' constitutional right to informational privacy.

### Objection to the Use of "Post-fertilization Age"

Definition No. 5 provides: "The term 'LMP' refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period."

4

Definition No. 6 provides: "The term 'Post-fertilization Age' refers to that method of determining the age of an unborn child that counts from the approximated date of fertilization, which is generally two weeks less than the LMP age of the fetus."

Defendant Paxton requests that Plaintiffs provide information by Post-fertilization Age in all Interrogatories requesting Plaintiffs to "identify" a procedure, and specifically in Interrogatories 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 15, 16, 17, and 18.

Plaintiffs object to providing information in terms of Post-fertilization Age rather than LMP to the extent that responsive information is maintained by Plaintiffs using LMP.

**Objection to Relevant Time Period of Requested Discovery**

Definition No. 15 provides: "The relevant time period for these Interrogatories is January 1, 2011 through the time of trial, unless otherwise stated."

Plaintiffs object to this definition because the extended time period of more than 6.5 years is neither reasonable nor narrowly tailored in scope as required for expedited discovery; it is overly-broad; the information sought is not relevant; the time period is not proportional to the needs of the case; and because the burden and/or expense of responding over this period of time outweighs the benefit. Plaintiffs will meet and confer with Defendant Paxton regarding this definition.

**Objection to Definitions of "Dilation and Evacuation" and "Dilation and Curettage"**

Definition No. 3 provides: "The terms 'Dilation and evacuation,' 'D&E Procedure,' and 'D&E' refer to that method of performing an abortion, at any Post-Fertilization Age, where forceps, or similar instrument, is the primary method used to extract the fetus, piece by piece, and where suction may or may not be used to extract fluid or some fetal parts."

5

Definition No. 4 provides: "The terms 'Dilation and Currettage,' 'D&C Procedure,' and 'D&C' refer to that method of performing an abortion, at any Post-fertilization age, where suction is the primary method of abortion used to extract a fetus and where forceps or a similar instrument may or may not be used to extract some fetal parts."

Plaintiffs object to these definitions on the grounds that the term "primary method" is vague.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each individual who performs or has performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

### OBJECTION TO INTERROGATORY NO. 1

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) it seeks the names of individual physicians; (2) it seeks information related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case; and (3) it seeks the names of physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of

physicians who currently provide procedures at 14.0 weeks LMP or later at Plaintiff facilities, and will meet and confer regarding this request.

## INTERROGATORY NO. 2

For each individual identified in response to Interrogatory No. 1, state the total number of abortions that individual performed at each week of Post-fertilization Age during each year since 2011.

## OBJECTION TO INTERROGATORY NO. 2

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and the number and type of procedures they have performed is not relevant to the resolution of any issue in this case; (2) it seeks information related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case; and (3) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to compile the requested information. Plaintiffs further object to this Interrogatory on the ground that, to the extent that any information sought through this

Interrogatory is relevant, pursuant to the Joint Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents, Information and Data,  Defendant Paxton will have access to much of the information requested, as Plaintiffs annually report information about each abortion performed at their facilities as required by Tex. Health & Safety Code § 245.011 to the Texas Department of State Health Services ("DSHS").  This information includes:  the name and location of the facility; the patient's date of birth and county and state of residence; the date of the abortion; the probable Post-fertilization Age of the fetus; the type of procedure used (including options for suction curettage and D & E); and any complications known to the facility.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


**INTERROGATORY NO. 3**

Identify each D & C procedure performed at your facility(ies) or by one of the individuals listed in Interrogatory No. 1 since 2011. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**OBJECTION TO INTERROGATORY NO. 3**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each D & C procedure that a physician has performed, including patient-identifying information, is not relevant to the resolution of any

8

issue in this case; (2) it seeks information related to the provision of first trimester surgical abortion, which is not at issue in this case; and (3) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to compile the requested information. Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient-identifying information outweighs any probative value.  Plaintiffs further object to this Interrogatory on the ground that, to the extent that any of the information sought through this interrogatory is relevant, pursuant to the Joint Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents, Information and Data,  Defendant Paxton will have access to much of the information requested, as set forth in Plaintiffs' objection to Interrogatory No. 2.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.


**INTERROGATORY NO. 4**

Identify each D & E procedure performed at your facility(ies) or by one of the individuals listed in Interrogatory No. 1 since 2011. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**OBJECTION TO INTERROGATORY NO. 4**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth

9

above in the General Objections to Definitions.  Plaintiffs further object because this

Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or

defense nor proportional to the needs of the case, and specifically that:  (1) the names of

individual physicians and specific information as to each D & E procedure that physician has

performed, including patient-identifying information, is not relevant to the resolution of any

issue in this case and (2) it seeks information about procedures performed by physicians who no

longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Interrogatory on

the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs'

physicians and patient identifying information outweighs any probative value. Plaintiffs further

object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it

would require a chart-by-chart review of patient medical records in order to compile the

requested information.  Plaintiffs further object to this Interrogatory on the ground that to the

extent that any information sought through this Interrogatory is relevant, pursuant to the Joint

Motion for an Order Authorizing the Disclosure and Use of Abortion-Related Documents,

Information and Data,  Defendant Paxton will have access to much of the information requested,

as set forth in Plaintiffs' objection to Interrogatory No. 2.

Subject to, and without waiving, the foregoing General Objections and specific

objections, Plaintiffs will meet and confer regarding this request.

**INTERROGATORY NO. 5**

Identify each procedure, since 2011, in which digoxin was administered or used to attempt to

cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-

formatted spreadsheet.

**OBJECTION TO INTERROGATORY NO. 5**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and specific information as to each procedure in which digoxin was administered, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to compile the requested information.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years. Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for the use of digoxin at any of the Plaintiff facilities that currently use digoxin. Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**INTERROGATORY NO. 6**

Identify each procedure, since 2011, in which digoxin was administered or used to attempt to cause fetal demise and such administration or use of digoxin failed to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**OBJECTION TO INTERROGATORY NO. 6**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which digoxin was administered but failed to cause fetal demise, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to compile the requested information.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years.  Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for the use of digoxin at facilities that currently use digoxin.  Subject to, and without waiving, the

12

foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

## INTERROGATORY NO. 7

Identify each procedure, since 2011, in which potassium chloride was administered or used to attempt to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 7

Subject to, and without waiving, the foregoing General Objections and specific objections, since 2011, Plaintiffs have not used or administered potassium chloride to attempt to cause fetal demise.

## INTERROGATORY NO. 8

Identify each procedure, since 2011, in which potassium chloride was administered or used to attempt to cause fetal demise and such administration or use of potassium chloride failed to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8

Subject to, and without waiving, the foregoing General Objections and specific objections, since 2011, Plaintiffs have not used or administered potassium chloride to attempt to cause fetal demise.

**INTERROGATORY NO. 9**

Identify each procedure, since 2011, in which umbilical cord transection was used to attempt to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**OBJECTION TO INTERROGATORY NO. 9**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which umbilical cord transection was used to attempt to cause fetal demise, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to compile the requested information.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

14

**INTERROGATORY NO. 10**

Identify each procedure, since 2011, in which umbilical cord transection was used to attempt to cause fetal demise and such umbilical cord transection failed to cause fetal demise. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**OBJECTION TO INTERROGATORY NO. 10**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which umbilical cord transection was used to attempt to cause fetal demise and failed to do so, including patient-identifying information, is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to compile the requested information.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

15

**INTERROGATORY NO. 11**

Identify each "physician[] in Texas" who has used "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

**OBJECTION TO INTERROGATORY NO. 11**

Plaintiffs object to this Interrogatory on the grounds that it misstates the claims in Plaintiffs' Complaint and seeks information about providers who are not parties to this action which is outside Plaintiffs' personal knowledge, possession, custody, or control.  Limiting this Interrogatory to the Plaintiffs and their physicians, Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians who have attempted to cause demise by transabdominal or transvaginal injection of digoxin is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of

16

current physicians at Plaintiff facilities who have attempted to cause fetal demise via an injection of digoxin in Texas, and will meet and confer regarding this request.

### INTERROGATORY NO. 12

Identify each D & E procedure in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

### OBJECTION TO INTERROGATORY NO. 12

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians and specific information as to each D & E procedure that was completed in one visit, including patient-identifying information which is not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it would require a chart-by-chart review of patient medical records in order to compile the requested information.

17

Plaintiffs will, upon entry of an appropriate protective order, provide the protocols for dilation for procedures at 14.0 weeks LMP or later at the Plaintiff facilities. Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**INTERROGATORY NO. 13**

Identify each physician in Texas who "feel[s] that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

**OBJECTION TO INTERROGATORY NO. 13**

Plaintiffs object to this Interrogatory on the grounds that it misstates the claims in Plaintiffs' Complaint and seeks information about providers who are not parties to this action which is outside Plaintiffs' personal knowledge, possession, custody, or control. Limiting this Interrogatory to the Plaintiffs and their physicians, Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) the names of individual physicians who feel that fetal demise makes the procedure easier are not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this Interrogatory on the grounds that the prejudice

18

of disclosure of the identifying information regarding Plaintiffs' physicians outweighs any probative value.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of physicians currently providing D & E procedures at Plaintiffs' facilities who believe that causing fetal demise makes the procedure easier because the fetal tissue may soften as a result of demise, and will meet and confer regarding this request.

**<u>INTERROGATORY NO. 14</u>**

Identify all complications that you allege can arise from the administration or use of digoxin to attempt to cause fetal death.

**<u>OBJECTION AND RESPONSE TO INTERROGATORY NO. 14</u>**

Subject to, and without waiving, the foregoing General Objections, Plaintiffs respond that, while all conceivable complications could not be enumerated, the following is a list of risks, side-effects, and complications that could occur: (1) early onset of labor; (2) reaction to anesthetic agents, including allergic reaction, shock, and death; (3) chorioamnionitis; (4) injury to maternal abdominal organs; (5) feto-maternal transfusion; (6) abdominal pain/cramping; (7) nausea; (8) vomiting; (9) diarrhea; (10) fatigue; (11) headache; (12) loss of appetite; (13) blurred vision; (14) lightheadedness; (15) seeing halos or lights around objects; and (16) bruising at the injection site. In addition, digoxin may fail to cause fetal demise.

## INTERROGATORY NO. 15

Identify every procedure in which a complication has arisen from the administration or use of digoxin to attempt to cause fetal demise. In your answer, include the nature of the complication(s) experienced and a description of the care administered to treat each complication. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

## OBJECTION TO INTERROGATORY NO. 15

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure that physician has performed, including patient-identifying information, are not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value.  Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that, if the

20

information is included in patient charts, it would require a chart-by-chart review of patient

medical records in order to compile the requested information.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so

for years.  Subject to, and without waiving, the foregoing General Objections and specific

objections, Plaintiffs will meet and confer regarding this request.

## INTERROGATORY NO. 16

Identify each procedure in which digoxin "fail[ed] to cause fetal demise in the expected period of

time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint. Please provide

your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

## OBJECTION TO INTERROGATORY NO. 16

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly

tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth

above in the General Objections to Definitions.  Plaintiffs object to this Interrogatory as

duplicative of Interrogatory No. 6.  Plaintiffs further object because this Interrogatory seeks

information that is overly-broad and neither relevant to any party's claim or defense nor

proportional to the needs of the case, and specifically that:  (1) the names of individual

physicians and specific information as to each procedure in which digoxin has failed to cause

demise, including patient-identifying information, are not relevant to the resolution of any issue

in this case; and (2) it seeks information about procedures performed by physicians who no

longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this Interrogatory on

the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs'

physicians and patient identifying information outweighs any probative value.  Plaintiffs further

object to this Interrogatory on the grounds that it is unduly burdensome to the extent that, if the information is even included in patient charts, it would require a chart-by-chart review of patient medical records in order to compile the requested information.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

### INTERROGATORY NO. 17

Identify each procedure in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint. Please provide your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

### OBJECTION TO INTERROGATORY NO. 17

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object to this Interrogatory as duplicative of Interrogatory No. 6.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that:  (1) the names of individual physicians and specific information as to each procedure in which digoxin was administered but failed to cause fetal demise, including patient-identifying information, are not relevant to the resolution of any issue in this case; and (2) it seeks information about procedures performed by physicians who no longer provide abortions at Plaintiff facilities.  Plaintiffs further object to this

22

Interrogatory on the grounds that the prejudice of disclosure of the identifying information

regarding Plaintiffs' physicians and patient identifying information outweighs any probative

value. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome,

to the extent that it would require a chart-by-chart review of patient medical records in order to

compile the requested information.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so

for years. Subject to, and without waiving, the foregoing General Objections and specific

objections, Plaintiffs will meet and confer regarding this request.


**INTERROGATORY NO. 18**

Identify each D & E procedure in which a patient was contraindicated for the use or

administration of digoxin for the purpose of attempting to cause fetal demise. Please provide

your response in the attached spreadsheet or in a similarly-formatted spreadsheet.

**OBJECTION TO INTERROGATORY NO. 18**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly

tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth

above in the General Objections to Definitions. Plaintiffs further object because this

Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or

defense nor proportional to the needs of the case, and specifically that: (1) the names of

individual physicians and specific information as to each instance in which digoxin was

contraindicated, including patient-identifying information, are not relevant to the resolution of

any issue in this case; and (2) it seeks information about procedures performed by physicians

who no longer provide abortions at Plaintiff facilities. Plaintiffs further object to this

23

Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' physicians and patient identifying information outweighs any probative value. While Plaintiffs have had patients who were contraindicated for the use of digoxin, Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that, if the information is included in patient charts, it would require a chart-by-chart review of patient medical records in order to compile the requested information.

Plaintiffs note that many of Plaintiffs' facilities do not use digoxin or have not done so for years. Plaintiffs will, upon the entry of an appropriate protective order, provide protocols regarding patients who are contraindicated for the use of digoxin for the facilities that currently use it, to the extent such protocols are available. Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

## INTERROGATORY NO. 19

Identify each physician in Texas who "do[es] not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

## OBJECTION TO INTERROGATORY NO. 19

Plaintiffs object to this Interrogatory on the grounds that it seeks information about providers who are not parties to this action which is outside Plaintiffs' personal knowledge, possession, custody, or control. Limiting this Interrogatory to the Plaintiffs and their physicians, Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks

24

information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) it seeks the names of individual physicians; (2) it seeks information about physicians who no longer provide abortions at Plaintiff facilities; and (3) Defendant Paxton has, through his assertion that the use of digoxin is a means by which physicians can avoid criminal prosecution for violating the challenged provisions of S.B. 8, conceded that the use of digoxin to cause fetal demise does not violate Texas Health & Safety Code § 171.063.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

## INTERROGATORY NO. 20

Identify each and every abortion-inducing drug, as defined in Texas Health & Safety Code § 171.061(2), that you have ever given, sold, dispensed, administered, provided, or prescribed in a manner that is not authorized by the "final printed label" approved by the United States Food and Drug Administration, as defined in Texas Health & Safety Code § 171.061(3).

## OBJECTION TO INTERROGATORY NO. 20

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery. Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) to the extent that it seeks information related to the provision of medication abortion, which is not at issue in this case; (2) to the extent that it seeks information related to the provision of services outside of

25

Plaintiff facilities; and (3) because Defendant Paxton has, through his assertion that the use of digoxin or potassium chloride as a means by which physicians can avoid criminal prosecution for violating the challenged provisions of S.B. 8, conceded that the off-label use of drugs to cause fetal demise does not violate Texas Health & Safety Code § 171.063.  Plaintiffs further object to the meaning of "ever" as used in this Interrogatory, particularly because Texas Health & Safety Code § 171.061 was not enacted until 2013.

**INTERROGATORY NO. 21**

Identify all individuals or business from whom you have purchased digoxin since 2011. In your answer, list the date of the purchase and quantity of digoxin purchased.

**OBJECTION TO INTERROGATORY NO. 21**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case.  Plaintiffs further object to this Interrogatory on the grounds that the prejudice of disclosure of the identifying information regarding Plaintiffs' vendors outweighs any probative value.  Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it could require extensive review of business records to compile the requested information.

26

**INTERROGATORY NO. 22**

State the total amount of money that you have spent purchasing digoxin during each year since 2011.

**OBJECTION TO INTERROGATORY NO. 22**

Plaintiffs object to this Interrogatory on the grounds that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions.  Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome to the extent that it could require extensive review of business records to compile the requested information.

Plaintiffs note that many of the Plaintiff facilities do not use digoxin or have not done so for years.  Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will meet and confer regarding this request.

**INTERROGATORY NO. 23**

Identify each individual with knowledge of the abortion procedures used at your facilities, clinics, offices, ambulatory surgical centers, or other locations, who was not otherwise identified in response to Interrogatory No. 1.

**OBJECTION TO INTERROGATORY NO. 23**

Plaintiffs object to this Interrogatory on the ground that it is not reasonable or narrowly tailored as required for expedited discovery.  Plaintiffs further object for the reasons set forth above in the General Objections to Definitions. Plaintiffs further object because this

27

Interrogatory is vague as to what constitutes "with knowledge of the abortion procedures." Plaintiffs further object because this Interrogatory seeks information that is overly-broad and neither relevant to any party's claim or defense nor proportional to the needs of the case, and specifically that: (1) it seeks the names of individual clinic employees and independent contractors; (2) it seeks information about individuals who are no longer employed or who no longer provide abortions at Plaintiff facilities; and (3) it seeks information related to the provision of medication abortion and first trimester surgical abortion, neither of which is at issue in this case. Plaintiffs further object to the extent this Interrogatory is duplicative of Interrogatory No. 1.

Subject to, and without waiving, the foregoing General Objections and specific objections, Plaintiffs will, upon entry of an appropriate protective order, provide the names of physicians who currently provide procedures at 14.0 weeks LMP or later at Plaintiff facilities, and will meet and confer regarding this request.

Dated: August 18, 2017

As to Responses:

The undersigned Plaintiffs hereby declare under penalty of perjury that the foregoing responses are true and correct to the best of their knowledge.

_____
Whole Woman's Health
By:     Andrea Ferringo
        Corporate Vice President

_____
Planned Parenthood Center for Choice
By:     Melaney Linton
        President & CEO


_____
Planned Parenthood of Greater
Texas Surgical Health Services
By:     Ken Lambrecht
        President & CEO

_____
Planned Parenthood South Texas
Surgical Center
        By:     Jeffrey Hons
                President

_____
Alamo City Surgery Center PLLC d/b/a Alamo
Women's Reproductive Services and Alan Braid
By:     Alan Braid, M.D.

_____
Southwestern Women's Surgery
Center and Curtis Boyd
By:     Curtis Boyd, M.D.


_____
Nova Health Systems, Inc. d/b/a
Reproductive Services
By:     Marilyn Eldridge
        President & CEO

_____
Robin Wallace, M.D.


_____
Bhavik Kumar, M.D.

29

Dated: August 18, 2017

As to Objections:


 _/s/ Patrick J. O'Connell_____
Patrick J. O'Connell
Texas Bar No. 15179900
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood, Bldg. 14
Austin, Texas 78746
(512) 852-5918
pat@pjofca.com

*Attorney for all Plaintiffs*

Janet Crepps*
Molly Duane*
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519 (Janet Crepps)
(917) 637-3631 (Molly Duane)
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence*
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

*Attorneys for Plaintiffs Whole Woman's Health,
Alamo City Surgery Center, Southwestern Women's
Surgery Center, Nova Health Systems, Curtis Boyd,
M.D., Robin Wallace, M.D., Bhavik Kumar, M.D., and
Alan Braid, M.D.*

Melissa Cohen*
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

30

*Attorney for Plaintiffs Planned Parenthood Center
For Choice, Planned Parenthood of Greater Texas
Surgical Health Services, and Planned Parenthood
South Texas Surgical Center*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of August 2017, I served a copy of the foregoing by electronic mail on counsel of record for Defendant Paxton.

*/s/ Patrick J. O'Connell*
Patrick J. O'Connell