# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WHOLE WOMAN'S HEALTH,      )
et al.,                    )
                           )
        Plaintiffs         )      CAUSE NUMBER
                           )
VS.                        )      1:17-CV-00690-LY
                           )
KEN PAXTON, et al.,        )
                           )
        Defendants         )

-----------------------------------------------------

CERTIFICATE OF NONAPPEARANCE OF

WHOLE WOMAN'S HEALTH 30(b)(6) REPRESENTATIVE

August 22, 2017

-----------------------------------------------------

Reported by:

      Micheal A. Johnson, RDR, CRR

Case 1:17-cv-00690-LY   Document 57-6   Filed 08/28/17   Page 3 of 17
Whole Woman's Health 30(b)(6) Representative - 8/22/2017

2

A P P E A R A N C E S

FOR THE PLAINTIFFS:

        Patrick J. O'Connell (Not Present)
        LAW OFFICES OF PATRICK J. O'CONNELL
        2525 Wallingwood Drive, Building 14
        Austin Texas 78746
        (512) 222-0444
        pat@pjofca.com

        Melissa Cohen (Not Present)
        PLANNED PARENTHOOD FEDERATION OF
        AMERICA
        123 William Street
        New York New York 10038
        (212) 261-4649
        melissa.cohen@ppfa.org


FOR THE DEFENDANTS KEN PAXTON, ET AL.:

        Andrew B. Stephens
        Adam A. Biggs
        Summer R. Lee
        Emily Ardolino
        Benjamin S. Walton
        ASSISTANT ATTORNEY GENERAL
        300 West 15th Street
        Austin Texas 78711-2548
        (512) 463-2120
        andrew.stephens@oag.texas.gov
        adam.biggs@oag.texas.gov
        summer.lee@oag.texas.gov
        emily.ardolino@oag.texas.gov
        benjamin.walton@oag.texas.gov


FOR THE DISTRICT ATTORNEY DEFENDANTS FAITH
JOHNSON, SHARON WILSON AND ABELINO REYNA:

        Christopher D. Hilton
        ATTORNEY AT LAW
        300 West 15th Street
        Austin Texas 78711-2548
        (512) 463-2120
        christopher.hilton@oag.texas.gov

CERTIFICATE OF NONAPPEARANCE

I, Micheal A. Johnson, a Registered Diplomate Reporter, Certified Realtime Reporter and Notary Public in and for the State of Texas, certify:

That I appeared at the offices of the Texas Attorney General, 300 West 15th Street, 11th Floor, Austin, Texas on the 22nd day of August, 2017, to report the deposition of WHOLE WOMAN'S HEALTH 30(b)(6) REPRESENTATIVE pursuant to the Notice, scheduled for 10:00 a.m.

That the Notice as referred to above is attached hereto and made a part hereof.

That I remained until 10:20 A.M., and that said witness, WHOLE WOMAN'S HEALTH 30(b)(6) REPRESENTATIVE, did not appear.

That the following was dictated to me by counsel for the Defendants:

MR. STEPHENS: It is 10:20 on August 22nd. We are here for the 30(b)(6) deposition of plaintiff Whole Woman's Health, and plaintiff Whole Woman's Health corporate representative has failed to appear at

the deposition.

I would like to mark as Deposition Exhibit 1 a Notice of Rule 30(b)(6) Deposition of Plaintiff Whole Woman's Health, which indicates that the deposition is scheduled to take place at 10 a.m. on August 22nd, 2017, at 300 West 15th Street, Austin, Texas 78701, and was served on plaintiffs' counsel on August 16th, 2017.

(Deposition Exhibit 1 marked for identification.)

MR. STEPHENS:  Also would like to note for the record that plaintiffs have refused and failed to file a motion for protective order related to this deposition as required by the Federal Rules of Civil Procedure.

We're off the record.

I further certify that I am neither employed nor related to any attorney or party in this matter and have no interest, financial or otherwise, in its outcome.

Given under my hand and seal of office

5

on this the 22nd day of August, 2017.

MICHEAL A. JOHNSON, RDR, CRR
NCRA Registered Diplomate Reporter
NCRA Certified Realtime Reporter
NCRA Realtime Systems Administrator
Certified LiveNote Reporter
Notary Public in and for the
State of Texas
My Commission Expires:  8/8/2020
Integrity Legal Support Solutions
3100 W. Slaugther Lane, Suite 101
Austin, Texas 78748
(512) 320-8690

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAUSE NO. 1:17-CV-00690-LY |
| | § | |
| KEN PAXTON, et al., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF
## PLAINTIFF WHOLE WOMAN'S HEALTH

TO:   Whole Woman's Health; Alamo City Surgery Center PLLC; Southwestern Women's Surgery Center; Nova Health Systems, Inc.; Curtis Boyd, M.D.; Jane Doe, M.D.; Bhavik Kumar, M.D.; and Alan Braid, M.D., by and through their attorneys of record, Patrick J. O'Connell, LAW OFFICES OF PATRICK J. O'CONNELL PLLC, 2525 Wallingwood Dr., Bldg. 14, Austin, Texas 78746; AND Planned Parenthood Center for Choice, Planned Parenthood of Greater Texas Surgical Health Services, and Planned Parenthood South Texas Surgical Center, by and through their attorneys of record Melissa Cohen, Planned Parenthood Federation of America, 123 William Street, New York, New York 10038.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Ken Paxton, Attorney General of Texas through his undersigned counsel, hereby provide notice that he will take the deposition upon oral examination of the person(s) designated by Plaintiff Whole Woman's Health with respect to the topics set forth below.

The deposition will take place at **10:00 a.m.** on **August 22, 2017**, at 300 W. 15th Street, 11th floor, Austin, Texas 78701 or at a location to be agreed upon by the parties. The deposition will be taken before a court reporter who is authorized by law

EXHIBIT ___ 1
WIT: _____
DATE: _8-22-17_
Micheal A. Johnson, RDR, CRR

to administer oaths. The deposition will be recorded by stenographic/audio means and also videotaped. The deposition will continue until complete.

Plaintiff Whole Woman's Health shall designate one or more representatives who have personal knowledge of the topics set forth below and who are prepared to testify fully regarding each of those topics. Defendant Ken Paxton may seek relief from the court in the event the designated deponent(s) are not properly prepared to testify on behalf of Whole Woman's Health with respect to each of the identified topics.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, each representative who may be designated by Plaintiff Whole Woman's Health in response to this Notice shall produce at or before the scheduled deposition the documents identified in **Exhibit A** attached to this Notice.

## DEFINITIONS

1.    The term "D&E" refers to that method of performing an abortion, at any LMP Age, where forceps, or a similar instrument, is the primary method used to extract a fetus, piece by piece, and where suction may or may not be used to extract fluids or some fetal parts.

2.    The term "D&C" refers to that method of performing an abortion, at any LMP Age, where suction is the primary method used to extract a fetus and where forceps, or a similar instrument, may or may not be used to extract some fetal parts.

3.    The term "LMP Age" refers to that method of determining the age of an unborn child that counts from the first day of the mother's last menstrual period.

4.    The "identity" of an individual means the name, address, and phone number of the individual.

5.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

6.    The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Topic all information that might otherwise be construed outside of its scope.

3

## TOPICS

1.  **Abortion Procedures**

    *   Individuals who perform or have performed one or more abortions at one of your facilities, clinics, offices, or ambulatory surgical centers in Texas during each year since 2011.

    *   The total number of abortions performed at each week of LMP Age during each year since 2011, including D&Cs, D&Es, and/or all other methods.

    *   The type, make, model, features, and uses for imaging equipment, instruments, and/or devices utilized during a surgical abortion.

    *   The off-label use of medications at your facilities, clinics, offices, or ambulatory surgical centers during each year since 2011.

2.  **Fetal Demise Methods/Procedures**

    *   Numbers of procedures since 2011 in which digoxin, potassium chloride ("KCl"), or umbilical cord transection was administered or used to attempt to cause fetal demise.

    *   Numbers of procedures since 2011 in which digoxin, KCl, or umbilical cord transection was used, but failed to cause fetal demise.

    *   Procedures since 2011 in which any other method of causing fetal demise was utilized or attempted prior to the removal of fetal tissue.

    *   The number of individuals employed in your facilities qualified to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

    *   The type and extent of training or other education required to allow a doctor to administer digoxin, potassium chloride ("KCl"), or use umbilical cord transection to cause fetal demise.

3.  **Abortion and Fetal Demise Complications**

    *   Complications that you allege can arise from the administration or use of digoxin, KCl, or umbilical cord transection to attempt to cause fetal demise.

    *   Procedures in which one or more complications has arisen from the

4

administration or use of digoxin, KCl, or umbilical cord transection.

- D&E procedures in which a patient was contraindicated for the use or administration of digoxin, KCl, or umbilical cord transection for the purpose of attempting to cause fetal demise.

- Complications that can arise from the D&E procedure.

4. **Policies, Processes, and Procedures**

- Policies, processes, or procedures concerning:

  - informed consent for the D&E procedure;
  - informed consent from patients for the use of digoxin, KCl, umbilical cord transection, or any other methods of causing fetal demise prior to a D&E; and
  - the use of intent statements by physicians prior to performing a second trimester abortion.

5. **Training Materials, Policies, and Educational Materials**

- Training materials, polices, or educational materials concerning:

  - the use of digoxin, KCl, cord transection, or any other methods of causing fetal demise prior to a D&E;
  - compliance with the Partial-Birth Abortion Ban Act of 2003;
  - intraamniotic injections, intrafetal injections, or other pregnancy related injections; and
  - transabdominal injections, transcervical injections, or transvaginal injections, whether or not related to pregnancy.

6. **Clinic Operations and Record-keeping**

- Pricing information for a surgical abortion, including any discounts, incentives, reduced rates, or financial assistance offered to D&E patients or potential patients.

- The procurement of digoxin and KCl by you since 2011, including suppliers and amount spent.

- Record-keeping policies and procedures related to abortions, including state reporting requirements, the nature of information recorded about each procedure, the methods by which abortion-related information is recorded

5

and how such is stored, and the individuals responsible for making and maintaining such records.

7.    **Specific Allegations Contained in Complaint**

- "[P]hysicians" who use "a hypodermic needle to inject a drug called digoxin transabdominally . . . or transvaginally . . . to attempt to cause fetal demise," as referenced in paragraph 50 of Plaintiffs' Complaint.

- D&E procedures in which the physician "achieve[ed] adequate dilation and complete[d] the procedure in one visit," as referenced in paragraph 51 of Plaintiffs' Complaint.

- Physicians who "feel that demise makes the procedure easier because the fetal tissue may soften as a result of demise," as referenced in paragraph 52 of Plaintiffs' Complaint.

- Procedures in which digoxin or KCl "fail[ed] to cause fetal demise in the expected period of time after the injection," as referenced in paragraph 54 of Plaintiffs' Complaint.

- Procedures in which any individual has "administer[ed] [a] second injection[] of digoxin" in an attempt to cause fetal demise, as referenced in paragraph 54 of Plaintiffs' Complaint.

- Physicians who "do not use digoxin to cause fetal demise for fear of prosecution under [Texas Health & Safety Code § 171.063]," as referenced in paragraph 57 of Plaintiffs' Complaint.

6

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Executive Administration
Texas Bar No. 24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

7

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

8

## CERTIFICATE OF SERVICE

I certify that on August 16, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667
christopher.hilton@oag.texas.gov

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General

9

# EXHIBIT A

## DEFINITIONS

1.    "Document" and "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include all items subject to inspection and copying under those Rules, including any original, reproduction, copy, or draft of any kind of written or documented material, stored in any medium, including but not limited to audio and video tapes, correspondence, memoranda, interoffice communications, electronic mail, notes, diaries, calendars, personal digital assistant device entries, contract documents, estimates, vouchers, minutes of meetings, invoices, checks, reports, telegraphs, notes of telephone conversations, notes of oral communications, computer-stored information that is retrievable in any form, writings, drawings, graphs, charts, photographs, and other data compilations, from which information can be obtained, and electronically stored information that is retrievable in any form, or translated if necessary, by Plaintiff through detection devices into a reasonably usable form, except that neither electronically stored voicemails nor the information stored in the memories of copiers, printers, and fax machines are "documents" under this definition.

2.    The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

3.    The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each request all information and materials that might otherwise be construed outside of its scope.

10

## DOCUMENTS TO BE PRODUCED

Produce the following documents:

1.    All non-privileged files, records, summaries, notes, correspondence, letters, e-mails, and any other documents that a deponent relied upon or referred to in preparation for the deponent's deposition.