IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHOLE WOMAN'S HEALTH, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. 1:17-CV-00690-LY |
| KEN PAXTON, et al., | § § | |
| Defendants. | § § | |

**DEFENDANT KEN PAXTON'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ORDER PRESERVING CONFIDENTIAL STATUS**

Plaintiffs have abused their ability to designate information as classified under the protective order by stamping "confidential" on nearly every document that they have produced. This is particularly troubling given the legitimate public interest in the disputed issues.

The first iteration of this dispute over confidentiality is the redaction of doctors' names who perform the very procedures at issue in this litigation. There is no basis for maintaining these materials as confidential. The State must be allowed to use the "Exhibit A" discovery responses in preparing their defense and, most importantly, in open court during the upcoming trial.

Accordingly, Defendants request that the Court deny Plaintiffs' request to maintain "Exhibit A" documents as confidential. Furthermore, the Court should reiterate that the use of materials designated as confidential will not be limited in any way at trial absent further order of the Court.

## DISCUSSION

### A. The Protective Order offers protection for documents produced in discovery only under limited circumstances.

The Protective Order defines "Classified Information," which is interchangeably referred to as "confidential information," to include "trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that . . . may subject the producing and disclosing person to competitive or financial injury or potential legal liability to third parties." Prot. Order ¶ 3(b) [ECF No. 55]. "The party seeking the protective order has the burden of showing that the interest of secrecy outweighs the public's right of access." *Zadeh v. Robinson*, No. 15-598, 2017 WL 532315, at *1 (W.D. Tex. Feb. 9, 2017) (citing *Leucadiea, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)). There is no absolute right to maintain business or operations information as confidential, and conclusory assertions that information is confidential or proprietary are not sufficient. *See, e.g.*, *Hopkins v. Green Dot Corp.*, No. 16-365, 2016 WL 8673861, at *8 (W.D. Tex. Aug. 16, 2016); *Tango Transp., L.L.C. v. Transp. Int'l Pool, Inc.*, No. 08-0559, 2009 WL 1458223, at *4 (W.D. La. May 21, 2009).[1] But conclusory assertions are all that the Plaintiffs have offered in support of their

---

[1] Defendant notes that two of Plaintiffs' cited authorities address federal Freedom of Information Act ("FOIA") requests and are wholly irrelevant. *Halloran v. Veterans Admin.*, 874 F.2d 315, 317 (5th Cir. 1989) (lawsuit brought pursuant to FOIA, 5 U.S.C. § 552); *Harbolt v. Dep't of State*, 616 F.2d 772, 773 (5th Cir. 1980) (same).

Motion, and it should be denied.[2]

### B. Maintaining confidentiality does nothing to promote the safety of Plaintiffs' abortion providers.

Plaintiffs' concerns with the safety of their abortion providers cannot be alleviated by designating their discovery responses as confidential. The identity of each and every abortion provider that Plaintiffs seek to improperly designate as confidential is public knowledge that can be found via a simple Google search. In many cases, *the Plaintiffs themselves* have sought to publicize their provision of abortions. Providers that Plaintiffs claim should be confidential have published opinion pieces relating to abortion.[3] Plaintiffs have published press releases, websites, and Q&As with their providers.[4] Plaintiffs have also participated in lengthy

---

[2] Additionally, Defendant notes that only the Planned Parenthood plaintiffs have submitted any evidence in connection with Plaintiffs' Motion for confidential treatment of the Exhibit A discovery responses. *See* Decl. of Kenneth S. Lambrecht [ECF No. 84-1]; Decl. of Jeffrey Hons [ECF No. 84-2]; Decl. of Melaney Linton [ECF No. 84-3]. Without any evidence in the record from Whole Woman's Health, Alamo City Surgery Center PLLC, Southwestern Women's Surgery Center, Nova Health Systems, Inc., or the individual doctors who work for these clinics, there is no way that these plaintiffs can carry their burden of showing that their Exhibit A discovery responses should be maintained as confidential. *See Zadeh*, 2017 WL 532315, at *1. Accordingly, the Court can and should deny Plaintiffs' Motion with respect to these plaintiffs without the need for further consideration.

[3] *See, e.g.,* https://www.romper.com/p/what-donald-trumps-abortion-comments-got-wrong-according-to-ob-gyn-8401 (Amna Dermish, PPGT); http://time.com/author/dr-timothy-spurrell/ (Timothy Spurrell, PPST); https://www.dallasnews.com/opinion/commentary/2017/04/25/texas-made-abortion-riskier (Robin Wallace, Southwestern).

[4] *See, e.g.,* https://southwesternwomens.com/about-us/(Curtis Boyd, Southwestern); http://healthcare.dmagazine.com/2017/05/25/planned-parenthood-of-greater-texas-names-new-cmo/ (Sealy Massengill, PPGT); https://www.plannedparenthood.org/planned-parenthood-southern-new-england/misc/qa-with-the-ppsne-medical-director (Spurrell).

3

profile articles.[5] Information within the public domain is nonclassified under the protective order. *See* Prot. Order ¶ 3(a)(i)-(ii). Accordingly, Plaintiffs simply have no basis for designating this information as confidential.

Even if that weren't true, Plaintiffs have not made a showing that any of their physicians' identities require confidentiality protection. Plaintiffs assert that "[p]roviders of abortion, and in particular providers of second-trimester abortions, have been specifically targeted for hateful antiabortion violence and harassment." Pls.' Mot. at 4 [ECF No. 84]. Yet Plaintiffs' declarations in support of their Motion do not contain any specific information regarding any of their physicians. At most, Melaney Linton mentions instances in which Planned Parenthood Center for Choice's physicians have been confronted by protestors, but there is no mention of violence or any details of harassment.[6] This Court has already rejected Plaintiffs' vague assertions regarding safety concerns in denying Robin Wallace's motion to proceed anonymously.[7] *See* Order Denying Pl. Jane Doe, M.D.'s Mot. for Prot. Order at 4 [ECF

---

[5] *See, e.g.,* http://www.msnbc.com/shuttered (Bhavik Kumar, WWH); https://www.texasobserver.org/inside-san-antonios-new-3-million-abortion-facility/; https://www.youtube.com/watch?time_continue=1&v=woEAKo3Cei8 (Alan Braid, Alamo).

[6] Ms. Linton makes the conclusory assertion, without explanation or citation, that two physicians have previously been harassed by mail and email. Similarly, Ms. Linton claims that a "physician's home was shot at with a BB gun," Decl. of Melaney Linton, ¶ 6, but there is no suggestion that this incident was the result of abortion-related protests, harassment, or intimidation.

[7] Just as they did regarding the Jane Doe motion, Plaintiffs again cite a number out-of-state cases and incidents of questionable relevance, as well as statistics from the National Abortion Federation that are difficult or impossible to verify. Pls.' Mot. at 4-5. The Court appeared to have properly afforded little if any weight to these tactics in connection with the Jane Doe motion, and it should do so again here.

4

No. 45]. Similarly, Plaintiffs have not brought this Court anything different to justify the heightened protections of confidentiality for the challenged documents. Especially in light of Plaintiffs' own public discussions of their abortion activities which belie their supposed concerns about safety, the Court should again reject their vague assertions.

Finally, Plaintiffs' professed concerns for the safety of their physicians appear to be after-the-fact justifications for marking virtually all of their documents as confidential. During the course of negotiations regarding the Protective Order, Plaintiffs advised Defendants that they wanted to redact the names of certain physicians who were not publicly known as abortion providers. Defendants agreed to the requested protections for the three physicians identified by Plaintiffs as not being "associated with the provision of abortion in publicly available sources." Prot. Order ¶ 12. It therefore follows that even Plaintiffs acknowledge that but for these three providers, the rest of their providers *are* publicly known. There is no basis for secrecy of these providers' names, either in precedent or the governing protective order, and it should not be allowed

### C. Proprietary information is not at issue in Plaintiffs' Motion.

Plaintiffs' assertion that Exhibit A contains confidential proprietary information is meritless. They contend that the information in the Exhibit A discovery responses "specifically identif[ies] each physician's D&E practices (and therefore the clinical practices at Plaintiffs' facilities)." Pls.' Mot. at 3; *see also* Decl. of Kenneth S. Lambrecht, ¶¶ 3-5; Decl. of Jeffrey Hons, ¶¶ 3-5; Decl. of Melaney

Linton, ¶¶ 3-5. Each of the three Planned Parenthood executives who submitted declarations state that the clinics "specifically instruct[]" their employees that this information relates to "internal operations" which is "confidential and [is] to be maintained as such." Decl. of Kenneth S. Lambrecht, ¶ 3; Decl. of Jeffrey Hons, ¶ 3; Decl. of Melaney Linton, ¶ 3. But these executives are more than willing to disclose that same information if the physician names are redacted. Pls.' Mot. at 2 ("Plaintiffs proposed resolving those objections through the use of a revised exhibit that merely redacted the names of the individual physicians, but could otherwise be used in this case without restrictions . . . ."). Plaintiffs do not, and could not, offer an explanation as to why this "internal operations" information is strictly confidential when publicly associated with a particular physician, but can be used "without restrictions" if the individuals are anonymous. The compromise that Plaintiffs have proposed is incompatible with their own stated position.

Aside from the illogic of Plaintiffs' arguments, this kind of information is not confidential within the meaning of the Protective Order. The Protective Order contemplates information that would cause "competitive or financial injury" or a similar business disadvantage, such as the disclosure of trade secrets. Prot. Order ¶ 3(b). Plaintiffs do not demonstrate that the information contained in the Exhibit A documents would cause any such disadvantage. Indeed, such an argument would hardly make sense because the Plaintiffs—competitors with each other in the market for abortion services in Texas—are freely sharing that information with each other in this lawsuit. Moreover, Plaintiffs have not explained how nonconfidential

treatment of the limited information contained in their Exhibit A discovery responses would actually impact their interests; they have merely stated that it is so. Accordingly, Plaintiffs have not carried their burden of establishing an entitlement to confidential or classified treatment.

Finally, to the extent that any information produced in discovery by Plaintiffs relates to their "internal operations," such discovery responses are not confidential because they have been put directly at issue in this litigation by Plaintiffs in their Amended Complaint. As Defendant has repeatedly expressed to the Court, this case turns on the actual practices of abortion providers in Texas. Those practices will be subject the of the trial in this case and are crucial to determining the constitutionality of Senate Bill 8. Plaintiffs' attempt to limit the use of this information reflects a misunderstanding the consequences of filing a lawsuit that puts their own practices at issue. *Cf. Nvision Biomed. Techs., LLC v. Jalex Med., LLC*, No. 15-284, 2016 WL 8259076, at *4 (W.D. Tex. Feb. 1, 2016) (reducing the classification level of certain discovery under the Western District of Texas' standard protection order from attorneys' eyes only to classified because it was central to the claims at issue). Plaintiffs have waived their right to maintain this information as classified due to the nature of their claims.

### D.   Plaintiffs' designation of information as confidential does not limit its use at trial.

Even if the Court were to find that some information is properly classified, Plaintiffs cannot unilaterally require the Court to clear the courtroom or seal portions of the trial record by designating their discovery responses as confidential. Nothing

7

in the Protective Order requires the Court to maintain Plaintiffs' confidentiality designations at trial, and the Court should not consider any document to be confidential or sealed except upon a proper and timely showing for trial. By its terms, the Protective Order only applies to limit a party's use of classified information in pretrial proceedings. *See* Prot. Order ¶ 14 (describing the manner of use only for the use of classified information "in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation"). Moreover, the Protective Order does not modify the Court's procedures for sealing documents in the trial record. *See id.* ¶ 15. In light of Plaintiffs' over-designation of confidential information, the Court should unequivocally reiterate that Plaintiffs' unilateral decision to classify information does not in any way alter or limit the use of any document at trial. Plaintiffs are required to follow the procedures for sealing any document that they contend cannot be disclosed in open Court, and Defendant will strongly contest any illegitimate attempt to seal any portion of the trial record.

## CONCLUSION

On the basis of conclusory declarations from only three of seven plaintiff clinics, Plaintiffs have asked this Court to apply confidentiality protections to information that is publicly available, not confidential, and central to the resolution of their claims. Accordingly, the Court should order that the Exhibit A discovery responses are not confidential, that the names of Plaintiffs' abortion providers are generally not confidential, and that Plaintiffs' confidentiality designations do not constitute a unilateral sealing of any portion of the trial record.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DARREN MCCARTY
Special Counsel for Civil Litigation
Texas Bar No. 24007631

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Texas Bar No. 24079396
ADAM A. BIGGS
Texas Bar No. 24077727
SUMMER R. LEE
Texas Bar No. 24046283
EMILY ARDOLINO
Texas Bar No. 24087112
BENJAMIN S. WALTON
Texas Bar No. 24075241
Assistant Attorneys General
General Litigation Division

HEATHER GEBELIN HACKER
Assistant Solicitor General
Texas Bar No. 24103325

JOHN S. LANGLEY
Assistant Attorney General
Administrative Law
Texas Bar No. 11919250

9

Office of the Attorney General
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

Attorneys for Defendant Ken Paxton

## CERTIFICATE OF SERVICE

I certify that on September 26, 2017, this document was served through the Court's CM/ECF Document Filing System or through electronic mail, upon the following counsel of record:

Patrick J. O'Connell
Law Offices of Patrick J. O'Connell PLLC
2525 Wallingwood Dr., Bldg. 14
Austin, TX 78746
(512) 222-0444
pat@pjofca.com

Janet Crepps
Molly Duane
Center for Reproductive Rights
199 Water St. 22nd Floor
New York, NY 10038
(864) 962-8519
(917) 637-3631
jcrepps@reprorights.org
mduane@reprorights.org

J. Alexander Lawrence
Morrison & Foerster LLP
250 W. 55th Street
New York, NY 10019
(212) 336-8638
alawrence@mofo.com

Melissa Cohen
Planned Parenthood Federation of America
123 William Street
New York, NY 10038
(212) 261-4649
melissa.cohen@ppfa.org

Christopher D. Hilton
300 West 15th Street
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)

/s/ Andrew B. Stephens
ANDREW B. STEPHENS
Assistant Attorney General